GEORGE REYNOLDS v. THE STATE OF NEBRASKA,

[FILED JUNE 27, 1889.]

1. **Rape:** EVIDENCE. In a prosecution for rape there was a conflict in the testimony as to the resistance of the prosecutrix, and also as to the resort to force by the accused. The latter asked an instruction in substance cautioning the jury against prejudice which was liable to be aroused against the accused because of the heinous nature of the charge, and calling their attention to the difficulty of defending against the accusation, and that if the carnal knowledge, while she had the power to resist, was with the voluntary consent of the woman, no matter how tardily given, or how much force had previously been employed, it was no rape. *Held,* The instruction asked should have been given.

2. ———: EVIDENCE: OBJECTIONS. Objections were predicated on certain testimony of an expert, but it appeared from the record that the testimony objected to had been first drawn out on cross-examination by the attorneys for the prisoner. *Held,* That the objections could not be considered.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*Hamilton & Trevitt,* for plaintiff in error, cited: *Clark v. Fisher,* 1 Paige Ch. (N. Y.), 171 [19 Am. Dec., 402]; *Otis v. Thom,* 23 Ala., 469 [58 Am. Dec., 303]; *Smith v. State,* 55 Ala., 1; *Cook v. State,* 4 Zab. (N. J.), 852; *Van Zandt v. Ins. Co.,* 55 N. Y., 179; *Conners v. State,* 47 Wis., 523.

*Wm. Leese, Attorney General,* for defendant in error.

MAXWELL, J.

An information was filed against the plaintiff in error in the district court of Saunders county charging him with the crime of rape and on the trial he was found guilty and sentenced to imprisonment in the penitentiary for four years. A large number of errors are assigned in this court, most of which it is unnecessary to notice. The evidence of the prosecuting witness was received through the aid of an interpreter, and while it may be true in its principal features the examination was conducted in such a manner as practically to put words in the witness's mouth. No objection seems to have been made to this mode of conducting the examination and it is not ground of error, but as there must be a new trial and it is evident that the witness has a considerable knowledge of the English language, an effort should be made to take her testimony without the intervention of an interpreter and as far as possible require her to narrate the facts.

The plaintiff in error asked the court to give the following instruction, which was refused :

"I. The charge made against the defendant is, in its nature, a most heinous one, and well calculated to create strong prejudice against the accused, and the attention of the jury is directed to the difficulty growing out of the nature of the usual circumstances of the crime, in defending against the accusation of rape. So you, the jury, must carefully consider all the evidence in the case, and the law given you by the court in making up your verdict.

"You must find on the part of the woman, not merely a passive policy or equivocal submission to the defendant ; such resistance will not do. Voluntary submission by the woman, while she has power to resist, no matter how reluc-

tantly yielded, removes from the act an essential element of the crime of rape.

"If the carnal knowledge was with the voluntary consent of the woman, no matter how tardily given, or how much force had theretofore been employed, it is not rape."

In *Conners v. State*, 47 Wis., 523, Judge Lyon, in delivering the opinion of the court, said of an instruction substantially like the one asked in this case:

"The law given by the learned circuit judge to the jury contains a correct statement of the law of the case, as far as it goes, but it does not contain the substance of the rejected instructions. It fails to caution the jury that prejudice was liable to be aroused against the accused because of the heinous nature of the crime charged in the information, or to call their attention to the difficulty growing out of the nature and usual incidents of the crime, of defending against an accusation of rape. It did not press upon their attention the principle or rule that voluntary submission by the woman, while she has power to resist, no matter how reluctantly yielded, removes from the act an essential element of the crime of rape. The jury were not expressly told that if the carnal knowledge was with the consent of the woman, no matter how tardily given, or how much force had theretofore been employed, it is no rape. And lastly, the jury were not instructed that proof of the good reputation of the accused as a peaceable and law-abiding citizen (and such proof was given on the trial) was entitled to some weight in his favor, especially if there were circumstances proved on the trial upon which a doubt of his guilt might be predicated. The proposed instructions are not accurately drawn, but they aim to state the above propositions, all of which are well established rules of law."

This, we think, is a correct view of the law. The fact that the charge itself will frequently raise a clamor among ignorant and easily biased persons has been recognized by fair-minded judges and law writers from the time of Chief

Justice Hale, at least, until the present time. Even that eminent and impartial judge seems to have given but little thought to the care required in trying this class of cases until a case came before him where three witnesses, including the prosecutrix, swore positively to the commission of the act when upon inspection of the accused it appeared that he could not have committed the offense. Other cases are also mentioned. He says: "I only mention these instances that we may be more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance." (Hale, Pl. of the Crown, vol. 1, p. 636.)

In *Oleson v. State*, 11 Neb., 276, it was held that where the prosecutrix was conscious and had possession of her natural, mental, and physical powers and was not terrified by threats or in such a position that resistance would be useless, it must appear that she resisted to the extent of her ability. In *Mathews v. State*, 19 Neb., 330, the authorities of this and other states were reviewed and the doctrine of *Oleson v. State* affirmed.

The case of *State v. Burgdorf*, 53 Mo., 65, resembles in some of its features that under consideration, and it was held that a "passive policy, a mere half-way case, will not do." To the same effect, *People v. Abbott*, 19 Wend., 194; *Whittaker v. State*, 50 Wis., 518; *Don Moran v. People*, 25 Mich., 356; *Whitney v. State*, 35 Ind., 506; *People v. Brown*, 47 Cal., 447; *Taylor v. State*, 50 Ga., 79. The case should be so submitted to the jury as to enable it to consider all the evidence and determine therefrom the question of the guilt or innocence of the accused.

Objection is made to certain questions asked Dr. Mansfelde as an expert. It is sufficient to say that the questions objected to were in the first instance asked by the attorneys for the plaintiff in error, and therefore they cannot predicate error thereon. As there must be a new trial we will not discuss the testimony in the case.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other Judges concur.