Fager v. State.

---

JOHN FAGER v. STATE OF NEBRASKA.

FILED OCTOBER 21, 1896.   No. 8570.

1. **Criminal Law: WITNESSES: INDORSEMENT OF NAMES ON INFORMATION.** It is within the discretion of the trial judge to permit the names of additional witnesses to be indorsed by the county attorney on the information after the filing thereof and before the trial.

2. ——: ——: EVIDENCE. Evidence contradictory of the statements of a prosecuting witness may be met by statements in rebuttal of such contradictory statements even though the names of the witnesses giving the rebutting testimony may have never been indorsed on the information.

3. ——: DEGREE OF OFFENSE: INSTRUCTION. When the evidence entirely fails to show an offense of a less degree than that charged in the information it is not prejudicial error to omit to give an instruction defining an offense of such less degree.

4. Information: INDORSEMENT OF CRIME CHARGED: REVIEW. It will not be presumed that the indorsement of the words "rape and incest". in connection with the word "information," was prejudicial to the accused when such words aptly summarized the facts stated within the information and the attention of the trial court had been in no way directed to the words complained of.

ERROR to the district court for Lancaster county. Tried below before HOLMES, J.

William Leese, for plaintiff in error.

A. S. Churchill, Attorney General, and George A. Day, Deputy Attorney General, for the state.

RYAN, C.

On June 29, 1895, there was duly filed in the district court of Lancaster county an information wherein the plaintiff in error in this court was charged with ravishing and carnally knowing Hattie Fager on the 15th day of March, 1895, she then and there being his daughter, as he well knew. A plea of not guilty was entered to this information, and upon a trial of the issues thus presented the accused was found guilty of the crime charged in the information. In accordance with the express provisions of the statute in such cases he was sentenced to be imprisoned in the penitentiary for the remainder of his life. The first point urged in the brief of the plaintiff in error was that the verdict was not sustained by sufficient evidence. In view of the severity of the punishment fixed by the statute in this class of cases a very careful consideration of the evidence has been made, with the result

that this contention cannot be sustained.   It would sub-
serve no useful purpose to review the disgusting details
of his crime, and they shall therefore remain unstated.

It is argued that the victim made no resistance or outcry
and that, therefore, there was no rape by violence or put-
ting in fear.   This conclusion would be justified by the
consideration of the evidence of some of the witnesses
alone, but it would necessitate the exclusion of the testi-
mony of Hattie herself, for she testified both to resistance
and to an outcry.   She also testified that immediately
after the commission of the offense she informed her
mother and her brother of the facts, and the further con-
tention that she did not do this cannot be accepted as in-
contestably established by the proofs.

Complaint is made that the district court permitted the
names of three witnesses to be indorsed on the informa-
tion before the trial of this case began.   The record sim-
ply recites the following proceedings, to-wit: "Now on
this day came the county attorney on behalf of the state
of Nebraska and asks, and is by the court granted, leave
to indorse on the information the names of Frank Leigh-
ton, Fred Miller, and Henry Miller, and C. I. Woodward
as witnesses on behalf of the ꞈtate of Nebraska." It has
been held by this court that it is within the discretion of
the trial court to permit the names of additional wit-
nesses to be indorsed by the county attorney on the infor-
mation after the filing thereof and before the trial.
(*Rauschkolb v. State*, 46 Neb., 658.)   In view of the fact
that no prejudice was shown affirmatively to have re-
sulted from the indorsement complained of, we cannot
presume error in the ruling of the trial court as to this
matter.

Complaint is made in argument that F. W. Collins and
W. H. Woodward were called and examined as witnesses,
though their names had never been indorsed on the infor-
mation.   On the trial in the district court the mother of
Hattie Fager, on behalf of the accused, testified that
Hattie had not complained of the act of her father very

soon after the commission of the alleged crime. This was in direct contradiction of the testimony of Hattie, and, as was shown by the two witnesses last above named, was equally contradictory of statements made to them by Mrs. Fager about the time the prosecution was begun. In *State v. Huckins*, 23 Neb., 309, it was said by this court that the reason of the rule permitting testimony to rebut that to establish the good character of a person accused was that such rebutting testimony was collateral to the main issue and was an issue raised by the accused. The reason of this rule equally justified the ruling of the trial court with respect to the matter under consideration and, therefore, the claim of prejudicial error thereon founded is without merit. There is found in the instructions given no ground for the complaint made by the counsel for the accused; indeed, there was no attempt to point out any such errors except such as we shall now consider.

It is argued that the court should have instructed the jury in such a manner that the accused might have been found guilty of an assault with intent to commit a rape. There was no evidence to justify the giving of an instruction of the nature suggested. The accused was either guilty of the crime charged or he was innocent of any offense whatever under any theory deducible from the proofs, and the instructions suggested could have subserved no purpose except to suggest a compromise verdict—an alternative which juries are, perhaps, sufficiently prone to adopt without suggestion.

It is urged that the accused was prejudiced by the loss of the original instructions. This, we take it from the brief on behalf of the plaintiff in error, was because his counsel was not able to make the above point in his motion for a new trial and his argument thereon. As we have already determined that there was no error in failing to give an instruction defining an assault with intent to commit rape we cannot consistently assume that by the argument of the counsel for the plaintiff in error the

trial court would have been brought to adopt a conclusion differing from our own. The record shows that a true copy was substituted, and of this fact no question has been made either in this court or in the district court; hence it does not appear how the plaintiff could have sustained prejudice from the misplacement of the instructions now complained of.

In the argument there were complaints as to the refusal to give certain instructions, but as these were as fully embodied in the instructions given by the court upon its own motion as the evidence would justify, there was no error in refusing to give the instructions requested.

It is finally complained that there was error in the fact that on the information there was an indorsement of the words "rape and incest," as defining the nature of the offense charged within. No objection was made to this indorsement in the district court, where, without question, due redress would have been afforded upon proper suggestion. As an indorsement epitomizing the contents of the information, however, it was not inapt, and as no complaint was made in the district court, none can be considered in this court. The judgment of the district court is

AFFIRMED.