SAM JOSEPH CASCIO, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

25 N. W. 2d 897

FILED FEBRUARY 7, 1947. No. 32129.

*Eugene D. O'Sullivan* and *William E. Lovely,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Erwin A. Jones,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and ANKENY, District Judge.

CHAPPELL, J.

A jury found plaintiff in error, hereinafter called defendant, guilty of rape. He was seventeen years old at the time of the alleged offense. The prosecutrix was then twenty years old, and without mental or physical disability. Defendant's motion for new trial was overruled, and the trial court sentenced him to serve eight years imprisonment in the State Reformatory, from which he prosecuted error to this court. His assignments of error are several in number, but in our view of the case, decision requires discussion of only the question of whether or not the evidence was legally sufficient to sustain the verdict and judgment. In doing so, we decide that the evidence was insufficient to establish beyond a reasonable doubt that defendant had carnal knowledge of the prosecutrix, forcibly and against her will.

This court has always recognized the age-old admonition of Sir Mathew Hale that "It is true rape is a most detestable crime, and therefore ought severly and impartially to be punished * * * but it must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, tho never so innocent," and that courts should "be the more cautious upon trials of offenses of this nature." In the light thereof, courts have generally exercised great care and vigilance to insure that a verdict of conviction was supported by sufficient competent evidence and not the result of passion and prejudice, inspired by the wiles of a malicious contriver or the very heinousness of the offense charged. See 1 Hale,

P. C., p. 634; Mathews v. State, 19 Neb. 330, 27 N. W. 234; Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627.

In a prosecution for rape, competent evidence must show beyond a reasonable doubt not only that defendant committed the act charged, but that he did so under such circumstances that every element of the alleged offense existed, and where the evidence fails to meet that test, it is insufficient to support a conviction. 52 C. J., Rape, § 118, p. 1087; 44 Am. Jur., Rape, § 64, p. 936; Oleson v. State, 11 Neb. 276, 9 N. W. 38; Mathews v. State, *supra;* Vaughn v. State, 78 Neb. 317, 110 N. W. 992; Whomble v. State, *supra.*

In the case at bar, prosecutrix was above the age of consent as defined by statute. Therefore, the elements of the offense, which must be so established beyond a reasonable doubt, are not only that defendant had carnal knowledge of the prosecutrix but that he did so forcibly and against her will. That defendant had carnal knowledge of the prosecutrix is without dispute. The question is whether it was without her consent, that is whether it was accomplished by the constructive force of threats and fear or by actual physical force, which overcame actual good-faith resistance on her part.

The general rule is that where carnal knowledge is accomplished after a woman yields because of fear caused by threats of immediate great bodily injury or death, the consummated act is rape. Ordinarily, in such cases actual physical force upon the body of the woman by the accused and actual physical resistance thereto by her are not required, even when the woman is capable of consent. Nevertheless, in cases where the woman is above the age of consent and mentally competent, the threats made to her must be such as to create a reasonable apprehension or fear of great bodily harm and they must be accompanied by a demonstration of brutal force or a dangerous weapon or by other apparent power of execution, and when the prosecution seeks to prove rape by threats and fear, it must be shown by the competent evidence beyond a reasonable doubt,

that such threats were made under such circumstances as would cause the prosecutrix to yield. 52 C. J., Rape, § 32, p. 1024, § 128, p. 1095; Richards v. State, 36 Neb. 17, 53 N. W. 1027; State v. Morrison, 189 Iowa 1027, 179 N. W. 321.

In the absence of sufficient proof of threats and fear, proof beyond a reasonable doubt of want of consent, that is, of actual force by the man with actual good-faith resistance thereto by the woman, is always essential to support a conviction. 52 C. J., Rape, § 125, p. 1091; Mathews v. State, *supra;* Oleson v. State, *supra;* Richards v. State, *supra.*

That is true because carnal knowledge, with the voluntary consent of the woman, no matter how tardily given or how much force had hitherto been imposed, is not rape. Stated in another way, voluntary submission by the woman while she has the power to resist, no matter how reluctantly yielded, removes from the act an essential element of the crime of rape. In other words, in the absence of threats and fear, force is a necessary element of the offense and the carnal knowledge must be accomplished by actual force of the man with resistance thereto by the woman if she be physically and mentally able to do so. 52 C. J., Rape, § 26, p. 1016, § 28, p. 1018; Reynolds v. State, 27 Neb. 90, 42 N. W. 903.

The degree of force required is relative, depending upon the particular circumstances, but in any such case it must be sufficient to subject and put the dissenting woman within the power of the man, and thus enable him to have carnal knowledge of her, notwithstanding good-faith resistance on her part. In that connection, whether carnal knowledge was forcible and against her will or with her consent, is ordinarily indicated by resistance or lack of it by the woman. While the degree of resistance required is also relative, depending upon the particular circumstances, the general rule is that a mentally competent woman must in good faith resist to the utmost with the most vehement exercise of every physical means or faculty naturally within

her power to prevent carnal knowledge, and she must persist in such resistance as long as she has the power to do so until the offense is consummated. 52 C. J., Rape, § 28, p. 1018, § 29, p. 1019; Oleson v. State, *supra*; Mathews v. State, *supra;* Reynolds v. State, *supra;* Richards v. State, *supra*; Devoy v. State, 122 Wis. 148, 99 N. W. 455; Brown v. State, 127 Wis. 193, 106 N. W. 536; State v. Cowing, 99 Minn. 123, 108 N. W. 851.

In determining the sufficiency of the evidence in the case at bar, we are required to observe the rule that mere general conclusions of the prosecutrix, without relating the very threats and acts justifying submission because of fear or constituting the required actual force and resistance, are of themselves insufficient to sustain a conviction of the accused.

An examination of the record discloses no competent evidence establishing beyond a reasonable doubt the elements necessary to sustain a finding that the prosecutrix yielded to defendant because of threats and fear. On the other hand, consent of the prosecutrix may be and was in the case at bar sufficiently indicated by her own manner, acts, and conduct, which speak louder than mere words. In that connection, we find no evidence in the record showing any physical injury to the defendant or the prosecutrix, or the forcible tearing or disarray of her clothing. Admittedly neither force nor resistance were sufficient to cause either. A doctor examined prosecutrix very soon after the alleged offense. Admittedly she did not even complain to him that she had been bruised. The doctor was not called as a witness by the state and the trial court excluded any evidence which would have even disclosed his identity. The prosecutrix talked to police officers, some of whom saw her very shortly after the alleged offense. She admittedly falsified to them about material matters, and none of them were called as witnesses for the state. Admittedly, the prosecutrix did not make any outcry prior to or at the time of the alleged offense, and she did not make any effort to escape when ample opportunity was afforded.

The state called but one witness who attempted to corroborate the testimony of the prosecutrix. That witness was her landlady, whose testimony related to a complaint made to her by the prosecutrix shortly after the alleged offense. In that regard, however, the testimony of the prosecutrix herself casts such a warranted suspicion upon the good faith of the alleged timely complaint as to be self-destructive of its value as corroboration. Her own evidence also justifies a legitimate inference that submission was inspired, among other things, by the hope of financial remuneration to be paid or collected in the future, which failed of fruition. All of such circumstances are consistent only with willingness and lack of force and resistance, thereby implying consent. 52 C. J., Rape, § 125, p. 1091; 44 Am. Jur., Rape, § 104, p. 968; State v. Morrison, *supra*; Devoy v. State, *supra;* State v. Cowing, *supra;* Brown v. State, *supra*.

We recognize the rule that "In a prosecution for rape it is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony as to the principal fact, provided the jury must be satisfied from a consideration of all of the evidence, beyond a reasonable doubt, of the guilt of the accused." Hammond v. State, 39 Neb. 252, 58 N. W. 92; Schlegel v. State, 143 Neb. 497, 10 N. W. 2d 264.

Nevertheless, it must be the rule in such cases that where the testimony of the prosecutrix as to the particular acts allegedly constituting the offense may all be true and still the act not have been against her will, or if her testimony in that regard is so inconsistent, contradictory, improbable, or incredible as to be self-destructive, and the corroborating evidence is of a doubtful character or wholly lacking in probative force or value, a judgment of conviction will be set aside for want of sufficient evidence to sustain it. The case at bar comes squarely within the rule. Mathews v.

State, *supra;* Maxfield v. State, 54 Neb. 44, 74 N. W. 401; Livinghouse v. State, 76 Neb. 491, 107 N. W. 854; Klawitter v. State, 76 Neb. 49, 107 N. W. 121; Vaughn v. State, *supra.*

This court recognizes that juries are the judges of questions of fact, but does not hesitate to set aside a verdict when the evidence is clearly insufficient under applicable law to sustain it. Whomble v. State, *supra.* As stated at almost the inception of this court: "A court that would shelter itself behind an erroneous verdict, to sustain a judgment that is clearly wrong, is unworthy of the name." Fisk v. State, 9 Neb. 62, 2 N. W. 381.

It will be noted that we have refrained from reciting the sordid evidence appearing in the record. We have not done so, because it could in fact serve no useful purpose and would but further besmirch the character of those involved. Suffice it is to say that an examination of the record and applicable law heretofore recited convinces this court that the evidence is wholly insufficient to support the verdict and judgment. Therefore, the trial court erred when it overruled defendant's motion for a direction of acquittal, made at the conclusion of the state's case and renewed at the conclusion of all the evidence, and the judgment of the district court is reversed and the action is dismissed.

REVERSED AND DISMISSED.