GARFIELD STARNES, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

29 N. W. 2d 795

Filed November 28, 1947. No. 32311.

*Dryden & Jensen*, for plaintiff in error.

*Walter R. Johnson*, Attorney General, and *C. S. Beck*, for defendant in error.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

KROGER, District Judge.

Plaintiff in error, hereinafter referred to as defendant, was charged in an information with the crime of rape and entered a plea of not guilty. After a trial of several days duration the jury returned a verdict of guilty, upon which verdict he was sentenced to the penitentiary for a term of ten years. From that verdict and sentence this appeal is prosecuted.

The defendant sets out eight assignments of error and they will be disposed of in the order of their assignment.

The prosecuting witness is a married woman, the mother of two small children. She was 20 years of age and weighed about 140 pounds. The defendant was 37 years of age, married and the father of two children, and weighs approximately 160 pounds. Defendant was engaged in the cleaning of cesspools and septic tanks and on December 11, 1946, was operating east and north of Kearney, Nebraska, going from place to place, making inquiries as to the need for his services.

Prosecutrix and her husband occupied a tenant house on a farm operated by Dale Stubblefield and located one-half mile north and one mile west of Shelton, Nebraska. According to her evidence the crime was committed sometime between 3 and 4 p. m. of December 11, 1946, in said tenant house.

The defendant's first assignment of error is that the evidence is insufficient to sustain a verdict of guilty. This assignment is based upon the fact that there were no marks upon the body of the prosecutrix, none of her clothing was torn and her two small children, one aged two years and the other seven months, who were asleep in the dwelling, were not awakened. It is argued that there could not have been such resistance on the part of the prosecutrix as would constitute the crime of rape.

The evidence of prosecutrix on that phase of the case is that the defendant appeared at the door of her dwelling and inquired of her the whereabouts of the Stubblefields and whether or not she knew of any place where cesspool cleaning might be needed; that the defendant then inquired whether or not he might come in to have lunch; when this was refused he asked her to take his card and when she opened the door to receive it the defendant forced his way into the house, notwithstanding an effort on her part to hold the door against him; that when inside of the house "he grabbed me on the shoulder again, and told me if I didn't quit fighting he would have to get tough." She further testified that she continued struggling and imploring the defendant to desist until after the offense was complete. Prosecutrix further testified that when he took her into the bedroom "I was hollering as loud as I could," and when questioned as to what he said, she replied: "If I didn't shut up he would knock me cold." She testifies she was in fear, not only for herself but for her children, and that she had at no time ceased resisting.

While bruises and torn clothing would be evidence of resistance on the part of prosecutrix, their absence do not necessarily indicate consent. It must be borne in mind that defendant had demonstrated his superiority in strength by forcing the door when the prosecutrix was trying to prevent his entrance; that he also threatened her by informing her if she did not "quit fighting" he would "get tough," and would "knock her cold." Under the evidence in this case it was a question of fact for the jury to decide whether prosecutrix had resisted the advances of the defendant to the extent of her ability, and the evidence is sufficient to sustain their finding that she did so. The defendant also attempted to establish an alibi by producing evidence to the effect that he was back in Kearney before 3 o'clock on the afternoon in question and for that reason it would have been impossible for him to have been the person guilty

of the crime. This again raises a question of fact under conflicting testimony, which question the jury has resolved against the defendant, and there is ample evidence in the record to sustain this finding.

The second assignment of error is that the court erred in overruling defendant's challenge to the array. The record discloses that the jury panel had been selected for the March 1946 term of court and was quashed by the trial court because no women were included. The court ordered a new list to be submitted by the county board, which was done. There is no contention that the panel was not properly selected from this list, but it is contended that the selection was not made within the time required by section 25-1605, R. S. 1943. There is no showing made that the defendant was in any manner prejudiced by the failure to quash the panel, and in the absence of such a showing no error will be presumed. Fetty v. State, 118 Neb. 169, 223 N. W. 955.

Defendant's third assignment is that the court erred in failing to grant a mistrial because of the introduction in evidence of statements made by the prosecutrix which were no part of the res gestae. This has reference to the testimony of the prosecutrix and her husband that she made complaint to him on his return from work at 6 p. m., some hours after the offense was alleged to have been committed, and the evidence of the village marshal of Shelton, Nebraska, that prosecutrix made complaint to him when he came to the farm at about seven p. m. None of these witnesses attempted to give any of the details of the complaint made by the prosecutrix, simply testifying that a complaint had been made to the effect "that a man had attacked her."

In this connection it must be borne in mind that prosecutrix was alone with her two small children on the afternoon in question until about 4:30 p. m., when the son of the Stubblefields returned from school; that prosecutrix did not deem it proper to tell him what had happened, as he was a boy of only 16 years of age.

Other than that there was no opportunity for her to make complaint to anyone until shortly after 6 p. m., when her husband and Mr. Stubblefield came back from work. We are of the opinion that the complaint was made within a reasonable time after prosecutrix had an opportunity to do so, and that there was no error in admitting the evidence complained of.

The fourth assignment is that the court erred in permitting the introduction of other crimes than that upon which defendant was being prosecuted. This has reference to the testimony of two ladies living northwest of the Stubblefield farm, one of whom testified the defendant came to her home around 1:15 p. m. of December 11, 1946, at which time she noticed that his trousers were wide open. The other witness testified that the defendant came to her home about 2:30 p. m. of that date, that defendant had on work clothes, and that his trousers were open. This testimony was important in identifying the defendant as being the same person who appeared at the home of the prosecutrix that afternoon, and was corroborative of her testimony that at that time defendant's trousers were open. It was not offered as evidence of separate offenses, and since it was proper for the purpose for which it was offered, there was no error in receiving it.

The fifth assignment is that the court erred in commenting in the presence of the jury on certain evidence offered by the defendant. We have examined the record and find that this situation arose during a discussion between court and counsel as to whether or not certain matters had been gone into in previous examination. There was nothing in the discussion to indicate to the jury how the court felt in the matter, and it is difficult to see how the defendant could have been prejudiced by any remarks made by the court. In addition the court gave a cautionary instruction to the jury, informing them not to consider any statements or

rulings of the court as an indication of how the court felt regarding the case.

Defendant's sixth assignment is that the court erred in refusing defendant's counsel the right to receive from the prosecution copies of statements of certain witnesses, taken by the prosecution before the trial. It is not necessary to pass on this assignment as the record discloses that the prosecution offered defendant's counsel the original of such statements, which he did not accept, and further that defendant's counsel had a copy of such statements and used the same in the examination of the witnesses in question.

Defendant further assigns as error the fact that the prosecution was permitted to inquire of defendant about having been taken by the sheriff of Buffalo County, Nebraska, to the homes of various people living northwest of Shelton, Nebraska. While the competency of this evidence is questionable, there could be no possible prejudice to the defendant, as it was shown by at least four witnesses that the defendant had been in that vicinity the day in question. The defendant's own testimony indicated that he was in that general territory, but since it was to him a strange neighborhood he claimed no definite recollection of having been at any specific place.

The final assignment of defendant is that the sentence is excessive in this case. After a consideration of the circumstances, as shown by the record, we have reached the conclusion that there is merit in this assignment. The sentence is reduced from ten years to five years and the judgment is affirmed as modified.

AFFIRMED AS MODIFIED.