ROBERT FULTON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
81 N. W. 2d 177

Filed February 15, 1957. No. 34089.

*Dwight Elliott* and *Loren G. Olsson,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein, in the district court for Scotts Bluff County, Nebraska, Robert Fulton, plaintiff in error, who will hereinafter be referred to as the defendant, was charged by information in the name of the State of Nebraska with the crime of rape. He was convicted on a trial to a jury and sentenced to serve a term of 3 years. A motion for new trial was filed which was overruled. The defendant has brought the case here for review by petition in error. By the petition he contends that the judgment and sentence were erroneous and that the judgment should be reversed.

The substance of the assignments of error is: (1) That the evidence is insufficient to sustain the charge; (2) that the court erred in giving one instruction requested by the State; and (3) that the court erred in refusing to give two instructions requested by the defendant.

The rules for the determination of whether or not the evidence in a prosecution for rape is sufficient to sustain a conviction are not doubtful or difficult of understanding. One of these rules is the following: "In a prosecution for rape, competent evidence must show beyond a reasonable doubt not only that the defendant committed

the act charged but that he did so under such circumstances that every element of the alleged offense existed, and where the evidence fails to meet that test, it is insufficient to support a conviction." Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897.

Another rule is the following: "The general rule is that where carnal knowledge is accomplished after a woman yields because of fear caused by threats of immediate great bodily injury or death, the consummated act is rape." Cascio v. State, *supra.*

Another rule is the following: "The degree of force required is relative, depending upon the particular circumstances, but in any such case it must be sufficient to subject and put the dissenting woman within the power of the man, and thus enable him to have carnal knowledge of her, notwithstanding good-faith resistance on her part." Cascio v. State, *supra.* See, also, Brockman v. State, *ante* p. 171, 79 N. W. 2d 9.

Still another rule is the following: "Where competent evidence is adduced to support every element of the offense charged in a criminal prosecution, it is ordinarily for the jury to determine if the offense has been established by evidence beyond a reasonable doubt." Brockman v. State, *supra.* See, also, Starnes v. State, 148 Neb. 888, 29 N. W. 2d 795.

The prosecutrix gave testimony positively, the important details of which are, that around 5:30 a.m. on January 1, 1956, the defendant came to her home where she was with her two children; that the children were respectively of the ages of about 2 years and 1 month; that he entered without invitation and that his presence was not discovered until she heard him in the house; that he possessed himself of a gun which he found in the house which he threatened to use unless she acceded to his demands; that he forcibly and against her resistance removed her clothing which consisted of a robe and pajamas; that he threw her upon a bed or couch and attempted to force accession; that he choked her and placed

his knee upon her stomach; that as a consequence of all this her power of resistance was overcome and he had intercourse with her; and that after the act and before he left the house she went to a neighbor's house and called attention to the occurrence in her home.

The defendant testified in his own behalf. He admitted that he had intercourse with the prosecutrix at the time and place charged in the information. He testified however that it was with consent and without resistance on the part of the prosecutrix.

Under the evidence adduced and the controlling legal principles there was presented a question of fact to be determined by the jury. The jury by its verdict resolved that question in favor of the State and against the defendant. No reason is apparent why the action of the jury should be disturbed.

As pointed out, the refusal to give two instructions is assigned as error. The first one to which attention is directed is No. 1. The defendant insists that the following portion of it should have been given: "The charge made against the defendant is in its nature a most heinous one and well calculated to create strong prejudice against the accused, and the attention of the jury is directed to the difficulty, growing out of the nature of the unusual circumstances connected with the commission of such a crime, in defending against the accusation of rape. It is your duty to carefully consider all of the evidence in the case and the law as given to you by the court in arriving at what your verdict will be in this case."

In Reynolds v. State, 27 Neb. 90, 42 N. W. 903, 20 Am. S. R. 659, this court did condemn as prejudicial error the refusal to give an instruction containing substantially the same context as the first sentence of the foregoing quotation. The holding in that case had special reference to this context.

We do not think, however, in the light of the instructions given, that there was any prejudicial error in the refusal to give this portion of the tendered instruction.

The directly condemnatory statement in Reynolds v. State, *supra,* appears in a syllabus point. The true effect of the holding when read with the opinion, we think, was to say that the attention of the jury must be called to the responsibility involved in the consideration of such a case, but it did not amount to an exaction that any particular formula should be employed so long as a properly admonitory instruction was given. To the extent that it appears to exact the giving of an instruction in this particular language it is overruled.

We think that the instructions in this case and particularly instruction No. 18 were sufficient. Instruction No. 18 in pertinent part is as follows: "Consider the importance of your function as jurors. You are the sole judges of the facts. Your decision on these facts is final. Thus, your position is of grave importance in the proper functioning of the court in the administration of justice. Your primary desire must be to reach a fair and just conclusion only from facts and circumstances in evidence. A consideration of facts and circumstances in evidence excludes sympathy or prejudice in reaching a conclusion."

The other instruction which the court refused to give on request of the defendant was one which, if given, would have permitted the jury in the event of failure to find the defendant guilty of rape to find him guilty of assault if the evidence was sufficient to sustain a charge of assault. We conclude that the refusal to give this instruction was not erroneous.

The court said in Torske v. State, 123 Neb. 161, 242 N. W. 408: "Where the evidence is insufficient to support a finding of a lesser degree than that charged in the information, it is not error to refuse to give an instruction defining the lesser offense." See, also, Fager v. State, 49 Neb. 439, 68 N. W. 611; Schultz v. State, 89 Neb. 34, 130 N. W. 972, 33 L. R. A. N. S. 403, Ann. Cas. 1912C 495.

On the record of the evidence made at the trial the

jury could properly have found the defendant guilty only of the crime with which he was charged or that he was not guilty. In the true aspect of the case there was no room for departure from this. The evidence was incapable of supporting any other or different finding.

The instruction given at the request of the State to which objection is made is instruction No. 10. It relates to testimony of the prosecutrix and of the defendant as to earlier sexual intercourse between these two parties. Their veracity is brought into question. The second paragraph of the instruction relates to this. It is as follows: "You must first decide whether or not such was forcibly and against her will, and you are further instructed that the law extends to all women, regardless of whether a woman may have previously consented to intercourse with a man, yet if she subsequently refuses to consent to intercourse, and he forces her he is guilty of rape. It is no defense that the complaining witness may have had previously submitted, if on the date as alleged in this complaint, she was forced to have intercourse with the defendant against her will."

Nothing has been found in this paragraph of the instruction which may be regarded as misleading or in any wise contrary to law. By the instruction as it is analyzed the jury was told that it was the judge of the credibility of the two witnesses, but even if it found that the prosecutrix had consented to intercourse on a previous occasion or previous occasions that could not be regarded as a defense in this case, notwithstanding such a finding, if it should be so found, if it found beyond a reasonable doubt that on the occasion in question the defendant had intercourse with the prosecutrix by force and against her will.

No prejudicial error having been found in the record the judgment of the district court is affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.

CARTER, WENKE, and BOSLAUGH, JJ., dissenting:

This is a prosecution on a charge of rape. The defendant was convicted and sentenced to serve 3 years in the penitentiary. We are in agreement with what is said in the opinion affirming the judgment except as it relates to the sufficiency of the cautionary instruction given and the overruling of Reynolds v. State, 27 Neb. 90, 42 N. W. 903, 20 Am. S. R. 659.

The defendant requested a cautionary instruction which in part stated: "The charge made against the defendant is in its nature a most heinous one and well calculated to create strong prejudice against the accused, and the attention of the jury is directed to the difficulty, growing out of the nature of the unusual circumstances connected with the commission of such a crime, in defending against the accusation of rape." The trial court refused to give this portion of the tendered instruction and purported to cover the subject by an instruction reading as follows: "Consider the importance of your function as jurors. You are the sole judges of the facts. Your decision on these facts is final. Thus, your position is of grave importance in the proper functioning of the court in the administration of justice. Your primary desire must be to reach a fair and just conclusion only from facts and circumstances in evidence. A consideration of facts and circumstances in evidence excludes sympathy or prejudice in reaching a conclusion. It includes, however, a careful application by you of all the law contained in these instructions. Thus, it will be your duty to read these instructions after you retire and to use them as a guide in all your deliberations. Let your verdict reflect a deliberate judgment free from any influence other than the law and all facts and circumstances in evidence." We find no fault with this instruction as far as it goes. In our opinion, however, it does not cover the purpose of the requested instruction to which the defendant is entitled under the law of this state where a proper request is made therefor.

We submit that the instruction given by the trial court

does not contain the substance of the rejected instruction. It fails to caution the jury that prejudice was liable to be aroused against the accused because of the heinous nature of the crime charged in the information, or to call attention to the difficulty growing out of the nature and unusual incidents of the crime of defending against an accusation of rape, however innocent the defendant may be. In Reynolds v. State, *supra,* the court said: "The fact that the charge itself will frequently raise a clamor among ignorant and easily biased persons has been recognized by fair-minded judges and law writers from the time of Chief Justice Hale, at least, until the present time. * * * He (Chief Justice Hale) says: 'I only mention these instances that we may be more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance.'" The refusal to give such an instruction upon request has constituted prejudicial error in this state since Reynolds v. State, *supra,* adopted in 1889. The lack of cases dealing with the rule in this state evidences its general application and acceptance over the years.

We point out that although the testimony of a prosecutrix must be corroborated to some extent, yet essential elements of the crime are necessarily supported only by her uncorroborated testimony. Many reasons exist why such uncorroborated evidence should be most carefully scrutinized and the jury cautioned about permitting prejudice to creep into their deliberations. It is a fact, well known to fair-minded judges and lawyers, and others as well, that the evidence of a prosecutrix in this type of case is often influenced by a stricken conscience, a fear of inquiry and discovery, or possible pregnancy. Arguments of counsel are not ordinarily effective in securing for the defendant the careful and impartial consideration of such evidence to which he is entitled. An instruction by the court is much more likely to do so. The rule is one for the protection of the inno-

cent and can afford no comfort to the guilty. The overruling of Reynolds v. State, *supra,* insofar as it conflicts with the present case, eliminates the necessity for giving any such cautionary instruction in the future, with or without request. It, in fact, has the effect of eliminating any necessity for a cautionary instruction in any type of case under any and all circumstances, whether requested or not. It destroys the beneficent purposes of a rule bordering on a substantial right in this type of case, which has stood as a protection to the innocent for almost 70 years. No reason is given in the opinion for this departure from the time-honored rule. For aught the opinion shows, there has been no consolidation of thought or reason by the majority as to why this landmark of the criminal law of this state should be so inconsiderately stricken down. No change of condition is pointed out, no failure of its purpose noted.

We submit that such changes in our criminal law for the asserted reason that the refusal of the tendered instruction does no prejudicial harm to the defendant is a mere speculation as to what effect the jury might have given to it. In determining that the refusal could have no prejudicial effect upon the jury, the court usurps the duty of the jury to apply it to the evidence. It amounts to a declaration that trial courts may hereafter with impunity disregard the substantial rights of a defendant in this type of case. This long-established rule had for its objective the protection of the innocent against prejudice and resulting injustice. It conforms to the purposes of the law to see that justice is done in all cases and to alleviate the danger that innocent persons may suffer because the jury may be swayed by matters inducing other than a fair and impartial consideration of the evidence before it. The abrogation of the rule, in our opinon, is a backward step in the development of the judicial process and can only result in less assurance of a fair and impartial trial in this type of case.

We have searched the record in vain for evidence that the requested instruction was otherwise covered by the trial court in his instructions to the jury. We find nothing that even remotely refers thereto. The refusal to give the requested instruction is not cured by other instructions, either singly or as a whole. We unqualifiedly reject any contention made that the instructions as a whole were sufficient or that their sufficiency in other respects can by any process of reasoning justify an affirmance of the present case.

We submit that it was prejudicial error for the trial court to refuse to give the requested cautionary instruction, and that the judgment should be reversed and the cause remanded for a new trial.