STATE OF NEBRASKA, APPELLEE, v. ROBERT LAURITSEN, APPELLANT.

261 N. W. 2d 755

Filed January 25, 1978. No. 41337.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Robert Lauritsen, defendant and appellant herein, was charged with kidnapping and sexual assault in the first degree under sections 28-417 and 28-408.03, R. R. S. 1943, both charges arising out of related incidents involving the same victim. Defendant was found guilty on both charges by a jury, and was sentenced to a term of imprisonment of 3 years on the kidnapping conviction and to a consecutive term of 1 to 3 years on the sexual assault conviction. He has appealed to this court only from his conviction of sexual assault in the first degree, his sole assignment of error being that the District Court committed reversible error in overruling his motion for a directed verdict because the State failed to prove one of the essential elements of that crime. We affirm the judgment of the District Court.

In the information the State charged that the defendant "did subject (the prosecutrix), a person less than sixteen years of age, to sexual penetration while the said defendant was a person more than eighteen years of age." Section 28-408.03, R. R. S. 1943, provides that a "person shall be guilty of sexual assault in the first degree when such person sub-

jects another person to sexual penetration and * * * the actor is more than eighteen years of age and the victim is less than sixteen years of age.'' The State acknowledges that an essential element of the crime charged was that the defendant was more than 18 yeas of age, and that it had the burden of proving this element beyond a reasonable doubt. See, Christiancy v. State, 106 Neb. 822, 184 N. W. 948 (1921); Hubert v. State, 74 Neb. 220, 104 N. W. 276 (1905). In a prosecution for what was formerly known as statutory rape, the evidence must show beyond a reasonable doubt that the defendant committed the act charged, and that he did so under such circumstances that every element of the offense existed. Where the evidence fails to meet this test it is insufficient to support a conviction. Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627 (1943). See, also, Fulton v. State, 163 Neb. 759, 81 N. W. 2d 177 (1957); Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897 (1947).

Defendant contends that the State failed to prove that he was more than 18 years of age, and that therefore the evidence was insufficient to support his conviction and the trial court should have sustained his motion to dismiss the charge. It is undisputed that the State made no specific attempt to prove by direct evidence that the defendant was older than 18 years of age. Although the defendant testified on his own behalf, the State did not ask him his age on cross-examination. Despite the lack of direct evidence, however, the State argues that there was nevertheless sufficient circumstantial evidence of the defendant's age to permit the jury to conclude beyond a reasonable doubt that he was more than 18 years of age. Although the State was undoubtedly careless in presenting its case, we conclude that the evidence was sufficient for the following reasons:

First, the defendant was present in court, was identified by witnesses at trial, and testified on his own behalf. Therefore, his physical appearance

was open to view by the jurors, whose attention was unquestionably drawn to the defendant when he testified and at various times during the trial. It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age. See, II Wigmore On Evidence, § 222, pp. 5, 6 (3d Ed., 1940); Torres v. State, 521 P. 2d 386 (Alas., 1974); State v. Hemmenway, 80 S. D. 153, 120 N. W. 2d 561 (1963); State v. Fries, 246 Wis. 521, 17 N. W. 2d 578 (1945). It has been held, however, that the jury may not fix the age of the defendant by merely observing him during the trial; and that there must be some other evidence in conjunction with the appearance of the defendant. See, Slocum v. People, 120 Colo. 86, 207 P. 2d 970 (1949); People v. Grizzle, 381 Ill. 278, 44 N. E. 2d 917 (1942); Commonwealth v. Hines, 282 Ky. 791, 140 S. W. 2d 386 (1940).

In addition to the defendant's appearance, there was evidence that the defendant was purchasing and drinking beer in a tavern on the day of the alleged crime, and that he purchased a case of beer in a grocery store after he met the prosecutrix. The defendant testified that he had frequented the tavern, where he met the prosecutrix, for 3 or 4 weeks prior to the day of the alleged crime, and often went there after work with a fellow employee. We take judicial notice of the fact that under Nebraska law a person must be at least 19 years of age in order to purchase alcoholic beverages. See, §§ 53-180 and 53-103 (23), R. R. S. 1943. Although the fact that the defendant purchased alcoholic beverages, in and of itself, is not sufficient to prove that he was more than 19 years of age, evidence that he frequented a tavern for several weeks and purchased alcoholic beverages on numerous occasions is relevant to the issue of age, when such evidence is considered in conjunction with the appearance of the defendant and other relevant evidence. See State v. Fries, *supra.*

Other relevant evidence is that witnesses referred

to the defendant as a "man" when they identified him. Although the word can be used in the generic sense, it also reflects an opinion regarding the maturity of the person it describes. Although we place minimal weight on this factor, we note that a witness' reference to a defendant as a "man" or an "adult" has in some cases been viewed as circumstantial evidence that the defendant was older than 18 years of age. See, People v. D'Angelo, 30 Ill. App. 3d 86, 333 N. E. 2d 525 (1975); Rich v. State, 266 P. 2d 476 (Okla. Crim. App., 1954); State v. Fries, *supra*; c. f. Torres v. State, *supra*.

Further significant evidence was testimony relating to the defendant's membership in the Ku Klux Klan and his alleged status as a "Wizard" in that organization. According to one witness testifying on behalf of the defendant, the prosecutrix asked the defendant how to join the Klan, and he advised her that one requirement was that a person had to be 18 years of age. It could be inferred from this evidence that since the defendant was a member of the Klan, he was more than 18 years of age.

Finally, we note the jury was instructed that it must find beyond a reasonable doubt the defendant was more than 18 years of age before it could return a verdict of guilty. The jury was clearly instructed that the State had the burden of proving this element of the crime. Obviously the jurors reached the conclusion from their observations and from the evidence that the defendant was over 18 years of age.

We conclude that the appearance of the defendant at trial, taken in conjunction with the other evidence described above, was sufficient to permit the jurors, under proper instructions, to conclude that the defendant was more than 18 years of age. See, Torres v. State, *supra*; State v. Fries, *supra*; People v. D'Angelo, *supra*. Although it is doubtful that any one of the factors set forth above, in and of itself, would have been sufficient to prove the defendant

older than 18 years of age, the combination of relevant circumstantial evidence was sufficient to permit the jury to reach that conclusion in the present case.

We have examined the evidence and find the defendant's contention to be without merit. Therefore the judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., dissenting.

The State had the burden of proving beyond a reasonable doubt the age of the defendant, which was an essential element of the crime charged. The record discloses that no evidence was offered to prove this element. As the majority opinion concedes, there is no doubt the State was careless in presenting its case. The majority opinion agrees with the State that this oversight may be remedied by gleaning random evidence from the record, from which references to the defendant's age can be indirectly inferred.

In Watson v. State, 236 Ind. 329, 140 N. E. 2d 109, the court was faced with a case with facts analogous to those in the present case. Despite the fact that the age of the defendant was an essential element of the crime charged, no direct testimony was given at trial concerning his age. The record disclosed that witnesses had referred to the defendant as a "man"; and there was also testimony that the defendant had been seen in a tavern, buying and drinking beer. The jurors were instructed that they could observe the defendant and draw upon their observations of him in determining whether or not the defendant was a person over 16 years of age.

The court, in Watson, found the evidence presented was insufficient to allow a jury to conclude the defendant was above the statutory age. The court noted that while the appearance of the defendant was evidence which could be considered by the jury, the defendant had not been pointed out for that pur-

pose nor had there been opinion testimony of age. The court discounted the reference to the defendant as a "man" as being relevant to an age determination. "Man," like "boy," "girl," or "woman," is a generic term and does not designate whether a person is above or below a certain age. "Age can be proved without difficulty. The proof of a crime should not be left to a game of guessing." It is clear the court in Watson did not consider this fact as adding to the sufficiency of the evidence.

As in Watson, the testimony here referred to the defendant as a "man" and to the defendant's drinking of beer. It is commonly known that persons under 18 years of age frequently purchase and drink beer. The majority opinion finds additional evidence, not present in Watson, which it feels reflects on age. The mention of defendant's belonging to the Ku Klux Klan, and a reference to an age requirement of 18 for membership in that organization, are, like the rest of the evidence, tenuous. The cumulative effect of such tenuous evidence does not render the evidence sufficient when measured by the standard "beyond a reasonable doubt." Nor was the defect in the State's case cured by the giving of proper jury instructions. An instruction to the jury is not evidence and cannot be a factor to be considered in determining sufficiency of the evidence.

In light of the State's failure to prove an essential element of the crime, I would reverse the conviction.