Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/11/2023 08:05 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
ARIEL GARCIA-PELICO, APPELLANT.
___ N.W.2d ___

Filed March 28, 2023.    No. A-22-535.

1. **Criminal Law: Trial.** In criminal prosecutions, the withdrawal of a rest in a trial on the merits is within the discretion of the trial court.
2. **Sentences: Appeal and Error.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.
3. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.
4. **Sentences: Appeal and Error.** When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.
5. **Sentences.** The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.
6. ____. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Hall County: PATRICK M. LEE, Judge. Affirmed.

Mitchell C. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Pirtle, Chief Judge, and Riedmann and Arterburn, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

Ariel Garcia-Pelico was convicted in Hall County District Court of first degree sexual assault of a child and sentenced to 45 to 60 years' imprisonment. He appeals his conviction, arguing that the court erred in allowing the State to reopen its case after it rested and arguing that his sentence is excessive. Based on the reasons that follow, we affirm.

## BACKGROUND

On August 4, 2021, Garcia-Pelico was charged by information with first degree sexual assault of a child, a Class IB felony. The victim, C.B., was the 13-year-old daughter of a woman Garcia-Pelico was having an affair with.

At trial, the State presented the testimony of five witnesses and then rested. Garcia-Pelico's counsel moved for a directed verdict, stating, "We contend that the State did not submit sufficient evidence in its case in chief for the Court to believe that sexual penetration, as defined under the statute, occurred." The court asked counsel whether the motion was "based solely on the element of sexual penetration." Counsel replied, "We contend that the State did [not] meet its burden of proof, but I just wanted to draw specific direction to that specific element." In response, the State argued that it had established every element of the offense, including Garcia-Pelico's age. The court then asked the State how it established Garcia-Pelico's age. The State asked for a "moment" and then

responded that it might not have established Garcia-Pelico's age. At that point, the State asked for leave to reopen its case in order to inquire as to Garcia-Pelico's age. Garcia-Pelico opposed the motion. The court noted that it could allow the State to reopen its case under certain circumstances. It took a recess to review relevant case law, and upon returning to the bench, the court granted the State's motion.

The State then recalled a police officer who testified as to Garcia-Pelico's date of birth. The State then rested, and Garcia-Pelico again moved for a directed verdict. The court overruled the motion, and Garcia-Pelico presented evidence in his defense, which included his son's testimony and his own testimony.

The case was ultimately submitted to the jury, which returned a verdict of guilty. The district court accepted the jury's verdict and adjudged Garcia-Pelico guilty of the offense. It also ordered a presentence investigation report and a sex offender evaluation. The court subsequently sentenced Garcia-Pelico to a term of 45 to 60 years' imprisonment.

## ASSIGNMENTS OF ERROR

Garcia-Pelico assigns that the district court erred in (1) allowing the State to reopen its case in chief after it had rested and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

[1] In criminal prosecutions, the withdrawal of a rest in a trial on the merits is within the discretion of the trial court. *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015).

[2,3] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

*State's Motion to Reopen Its Case.*

Garcia-Pelico first assigns that the district court erred by allowing the State to reopen its case after it had rested. More specifically, he claims the court abdicated its role as a neutral fact finder by alerting the State that it had failed to meet its burden of proof regarding Garcia-Pelico's age and then allowing the State to reopen its case to cure its deficiency. He contends that the State would not have moved to reopen its case without the prompting by the district court and that therefore, the court abused its discretion in granting the State's motion to reopen its case.

In granting the State's motion, the court relied on *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014). In *Bol*, the Nebraska Supreme Court affirmed the trial court's decision permitting the State to withdraw its rest and present additional evidence. The State realized after resting its case that it had forgotten to admit a stipulation that proved one of the charges and asked the court for leave to reopen its case in chief to submit the stipulation, which the court allowed. See *id.* On appeal, the Supreme Court noted that allowing the withdrawal of rest to fill in gaps in proof is proper, as long as the court does not advocate for or advise the State to withdraw its rest. *Id.* Because the State, rather than the trial court, had realized the lack of proof, the Supreme Court determined the trial court did not improperly abdicate its role as a neutral fact finder and did not abuse its discretion in permitting the State to withdraw its rest to put on additional evidence. *Id.*

Garcia-Pelico argues that the present case is similar to *State v. Gray*, 8 Neb. App. 973, 606 N.W.2d 478 (2000), *overruled on other grounds, State v. Nelson*, 262 Neb. 896, 636 N.W.2d 620 (2001), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020), where this court determined the trial court abused its discretion in allowing the State to withdraw its rest. In *Gray*, the defendant was found guilty of forgery and an enhancement hearing was held prior to his

sentencing. At that hearing, the State offered three exhibits as evidence of his prior convictions and then rested. The defendant was then granted a continuance. Before the hearing resumed, the court, on its own motion, notified all parties that the exhibits offered by the State were not sufficient to prove the prior convictions, because they contained no showing that the defendant had knowingly and intelligently waived counsel at the time he pled to the convictions. After receiving this notification from the court, the State sought to withdraw its rest to present additional evidence, and the court allowed it to do so. On appeal, this court concluded the trial court had abused its discretion in allowing the State to withdraw its rest because by informing the State that its evidence was insufficient, the court had "departed from his role as neutral fact finder." *State v. Gray*, 8 Neb. App. at 992, 606 N.W.2d at 495.

We conclude that the present case is more like *State v. Bol, supra*, than *State v. Gray, supra*, but even more comparable to *State v. McKay*, 15 Neb. App. 169, 723 N.W.2d 644 (2006)*. In McKay*, the defendant was charged with assault by a confined person. After the State rested its case, the defendant moved for discharge, arguing that the State failed to present any evidence that he was "'legally'" confined at the time of the incident, an element of the offense. *Id.* at 171, 723 N.W.2d at 646. The court commented that the State needed to show "'how he's there, how it is not by mistake or some other process that he is there.'" *Id*. The court further commented that "'[t]o say that a correctional guard can testify to the legality of his detainment is a stretch'" and that the State had not carried its burden. *Id*. Regardless, the court granted the State leave to research the issue and adjourned for the day. The next day the State argued, as one alternative, that it should be allowed to reopen its case and present additional evidence. The court again commented that the State had "'wholly failed to show legal confinement,'" but it granted the State leave to reopen its case. *Id*. at 172, 723 N.W.2d at 647.

On appeal, this court concluded that the trial court in *McKay* did not abuse its discretion in allowing the State to withdraw its rest. We found that the trial court did not become an advocate for the State, did not raise on its own motion any alleged insufficiency of the State's evidence, and did not raise on its own motion the issue of the sufficiency of the evidence. Rather, the court was presented with the issue as raised by the defendant, and the court decided that issue. We further noted that the evidence that the State had adduced prior to resting was not clearly insufficient to demonstrate legal confinement. As such, we found that allowing the State to withdraw its rest did not actually result in the filling of gaps in the evidence.

In the present case, after the State rested and Garcia-Pelico moved for a directed verdict, the State argued that it had established every element of the offense, specifically mentioning Garcia-Pelico's age. The court then asked the State to explain how it had established Garcia-Pelico's age, at which point the State realized it had neglected to present direct evidence of his birth date and asked to reopen its case to present that evidence. As in *State v. McKay, supra*, the court did not raise any alleged insufficiency of the State's evidence on its own motion and did not raise the issue of the sufficiency of the evidence on its own motion. Instead, the issue was raised by Garcia-Pelico. Further, the court did not advocate for or advise the State to withdraw its rest, but, rather, it allowed the withdrawal of rest to fill potential gaps in proof. See *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014). We note, as we did in *McKay*, that the record reveals that the State did adduce circumstantial evidence of Garcia-Pelico's age. For example, the State presented evidence that Garcia-Pelico was married, had a 16-year-old son, and was dating a woman with three children, one of whom was a teenager. Moreover, the jury was able to observe Garcia-Pelico during the course of trial and consider the circumstantial evidence presented regarding his age in conjunction with his physical

appearance. See *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978). On the facts before us, the court did not improperly abdicate its role as a neutral fact finder and did not abuse its discretion in allowing the State to withdraw its rest to put on additional evidence.

*Excessive Sentence.*

[4] Garcia-Pelico next assigns that the district court erred by imposing an excessive sentence. It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id.*

[5,6] The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Garcia-Pelico was convicted of a Class IB felony. See Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016). Statutory sentencing guidelines for this particular Class IB felony provide for a maximum sentence of life imprisonment and a mandatory minimum of 15 years' imprisonment. *Id.*; Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). The court sentenced Garcia-Pelico to 45 to 60 years' imprisonment. The sentence imposed

by the court was within the statutory limits, so we must only determine whether the court abused its discretion in establishing the sentence.

At the sentencing hearing, the court heard argument from counsel and a statement from C.B.'s mother. Prior to imposing sentence, the court stated that it reviewed the presentence investigation report, as well as the addendum and the sex offender evaluation. It also reviewed the information concerning Garcia-Pelico's age, mentality, education and experience, social and cultural background, past criminal record, record of law-abiding conduct, and motivation for the offense, as well as the nature of the offense and the nature of any violence involved in the commission of the offense. The court further noted that Garcia-Pelico was 40 years old, and the victim was 13 years old, and that he had taken no accountability for his actions and shown no remorse. The court found Garcia-Pelico had no credibility.

The sentence imposed by the district court was not an abuse of discretion. The court reviewed the presentence investigation report, reviewed the sex offender evaluation, and considered all the appropriate sentencing factors. There is nothing in the record to indicate the court considered any inappropriate factors in determining the sentence to impose. As a result, Garcia-Pelico's sentence is not excessive and his assignment of error fails.

## CONCLUSION

We conclude that the district court did not abuse its discretion in allowing the State to reopen its case after it rested and did not impose an excessive sentence. The judgment of the district court is affirmed.

Affirmed.