727 N.W.2d 717 (2007)
15 Neb. App. 381
STATE of Nebraska, Appellee,
v.
Robert D. McCULLOCH, Appellant.
No. A-06-275.
Court of Appeals of Nebraska.
February 13, 2007.
*719 Matthew M. Munderloh, of Johnson & Mock, Oakland, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
IRWIN, SIEVERS, and CARLSON, Judges.
IRWIN, Judge.
Robert D. McCulloch appeals from the decision of the district court for Burt County which, after a jury trial, convicted him of one count of first degree sexual assault, McCulloch's primary claim is that his trial counsel was ineffective by introducing evidence of McCulloch's age when the State's evidence had failed to establish that he was age 19 or older, an essential element of the charge against McCulloch. The record shows that the State did not introduce direct evidence of McCulloch's age but did introduce circumstantial evidence of his age. We find that there was sufficient circumstantial evidence of McCulloch's age introduced by the State, which, when coupled with his physical appearance, supports the jury's finding that he was 19 years of age or older. McCulloch's claim for reversal on the basis of ineffective assistance of counsel fails. We affirm.

I. PROCEDURAL BACKGROUND
The State alleged that McCulloch had sexually assaulted his niece, P.M., who was born on March 10, 1990. Following a jury trial, the jury found McCulloch guilty of one count of first degree sexual assault:
McCulloch on or between November 14, 2003 and February 1, 2004 in the county of Burt ... then and there being did subject P.M. to sexual penetration when the actor [was] nineteen years of age or older and the victim [was] less than sixteen years of age.
The district court sentenced McCulloch to 8 to 15 years' imprisonment with 423 days' credit for time served. No direct appeal was filed. Through a verified motion for postconviction relief alleging ineffective assistance of counsel because of his trial counsel's failure to file a direct appeal on McCulloch's behalf, McCulloch was granted a new direct appeal, which is the present case.

II. ASSIGNMENTS OF ERROR
McCulloch alleges that (1) the district court erred in finding there was sufficient evidence to find him guilty beyond a reasonable doubt of first degree sexual assault and (2) he received ineffective assistance of counsel at trial when his counsel elicited witness testimony tending to prove he was "`nineteen years of age or older'" at the time of the offense.

III. ANALYSIS

1. SUFFICIENCY OF EVIDENCE
McCulloch first argues that there was insufficient evidence to find him guilty beyond a reasonable doubt of first degree sexual assault. Viewing the evidence in *720 the light most favorable to the State, we find that there was sufficient evidence for a rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt.
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Iromuanya, 272 Neb. 178, 719 N.W.2d 263 (2006); State v. Anderson, 269 Neb. 365, 693 N.W.2d 267 (2005). This standard of review requires substantial deference to the factual findings made by the jury. State v. Iromuanya, supra. An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence, as such matters are for the finder of fact. Id.
In finding a defendant guilty beyond a reasonable doubt, a finder of fact may rely upon circumstantial evidence and the inferences that may be drawn therefrom. State v. Blackman, 254 Neb. 941, 580 N.W.2d 546 (1998). See State v. Johnson, 250 Neb. 933, 554 N.W.2d 126 (1996). A fact proven by circumstantial evidence is nonetheless a proven fact. Id.
McCulloch was charged under Neb.Rev. Stat. § 28-319 (Reissue 1995) with first degree sexual assault. Under § 28-319(1): "Any person who subjects another person to sexual penetration . . . (c) when the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." McCulloch was convicted of the charge made by the State that alleged: "McCulloch on or between November 14, 2003 and February 1, 2004 in the county of Burt ... then and there being did subject P.M. to sexual penetration when the actor [was] nineteen years of age or older and the victim [was] less than sixteen years of age."
A former police chief of Decatur, Nebraska, testified that he interviewed McCulloch after arresting him and giving him his Miranda warnings. The former chief testified that during the interview, McCulloch initially denied doing anything with P.M., but that when the former chief told McCulloch that the police had a very good case against McCulloch, McCulloch then admitted to having sex with P.M. "one time." This testimony established that McCulloch subjected P.M. to sexual penetration.
Brenda Hunter, called as a defense witness, testified that she is P.M.'s aunt and McCulloch's sister. Hunter testified that she is married and has two sons, who were 12 and 13 years old at the time of trial. She also testified that in 1999, she lived with her husband and children in Decatur. Given her testimony, and the ages of her children, it is clear that Hunter would have been at least 19 years of age between November 14, 2003, and February 1, 2004, the time of the alleged sexual assault of P.M. by McCulloch. Hunter, in response to defense counsel's questions, also testified that McCulloch is 6 years older than she. Thus, McCulloch also would have been at least 19 years of age at the time of the alleged offense. Hunter's testimony established that McCulloch, the actor in the alleged offense, was at least 19 years of age at the time of the alleged offense. In addition, as discussed more fully below, the State presented other circumstantial evidence to establish that McCulloch was at least 19 years of age at the time of the alleged offense.
P.M. testified that she was born on March 10, 1990, and was 14 years old at the time of trial. She also testified that after Thanksgiving 2003, but before February *721 1, 2004, McCulloch had sexual intercourse with her, even though she told him to stop. P.M.'s testimony established that she, the victim, was less than 16 years of age at the time of the alleged offense.
The testimony of P.M. and the former police chief was sufficient to show that McCulloch sexually penetrated P.M. when she was less than 16 years of age. And the testimony of Hunter, putting aside the other circumstantial evidence we later discuss, was sufficient to show that McCulloch was over 19 years of age at the time of the incident. Thus, viewing the evidence in the light most favorable to the State, see State v. Anderson, 269 Neb. 365, 693 N.W.2d 267 (2005), there was sufficient evidence to support the conviction. This assignment of error is without merit.

2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
McCulloch's next assignment of error is that his trial counsel provided ineffective assistance of counsel, in that he "elicited witness testimony tending to prove McCulloch was `nineteen years of age or older' at the time of the offense." We find that the State presented sufficient circumstantial evidence to allow the jury to draw an inference that McCulloch was at least 19 years of age at the time of the offense, and accordingly, we find that trial counsel's performance resulted in no prejudice to McCulloch.
The Nebraska Supreme Court has adopted the two-part test for proving a claim of ineffective assistance of counsel, as set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Nielsen, 243 Neb. 202, 498 N.W.2d 527 (1993), disapproved in part on other grounds, State v. Canbaz, 270 Neb. 559, 705 N.W.2d 221 (2005). To establish that he or she was denied effective assistance of counsel, a defendant must show that counsel was deficient, meaning that counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. See Strickland v. Washington, supra. Second, the defendant must make a showing that he or she was prejudiced by the actions or inactions of his or her counsel by demonstrating with reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See id. The two-prong test for an ineffective assistance of counsel claim need not be addressed in order. State v. Williams, 259 Neb. 234, 609 N.W.2d 313 (2000). If it is easier to dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. Id.

(a) Deficient Performance
Our review of the record shows that when the State rested its case, it had proven with direct evidence McCulloch's having sexually penetrated P.M. and P.M.'s having been less than 16 years of age at the time of the incident, but that the State had not adduced direct evidence of McCulloch's age. After McCulloch's motion for a directed verdict was overruled, which overruling is not assigned as error, McCulloch's counsel called Hunter, McCulloch's sister, to testify. Her testimony was as follows:
Q [by McCulloch's counsel:] And how much older than you is [McCulloch]?
A [by Hunter:] I'm younger than [McCulloch].
Q He's older.
A Yes.
Q How much older is he?
A Around six years.
. . . .
Q Now, you told us that you have two boys of your own?

*722 A Yes.
Q What are their ages?
A Thirteen and 12.
By calling Hunter to the stand and eliciting the evidence of the age difference between McCulloch and Hunter as well as of the ages of Hunter's children, McCulloch's counsel elicited circumstantial evidence that Hunter was at least in her early 20's and that McCulloch was at least in his mid- to late 20's. As a result, McCulloch's counsel introduced evidence from which the jury could reasonably infer that McCulloch was at least 19 years of age at the time of the sexual assault.
The premise of McCulloch's ineffective assistance of trial counsel argument in this appeal is that introducing such evidence was ineffective assistance of counsel because a necessary element of the charge against McCulloch, that he was at least 19 years of age at the time of the offense, was unproven when the State rested its case. If that premise fails, then McCulloch's argument must also fail, because there would be no prejudice to McCulloch.

(b) Prejudice
The primary issue to be resolved in this appeal is whether McCulloch's trial counsel's performance, even if deficient, prejudiced McCulloch. This issue requires us to determine whether the State had already adduced sufficient circumstantial evidence to allow a reasonable trier of fact to infer that McCulloch was at least 19 years of age at the time of the offense. After a review of the record, we conclude that the State did adduce sufficient evidence of this element of the offense.
Our research indicates only two prior appellate decisions in this jurisdiction directly addressing the issue of what circumstantial evidence of a defendant's age is sufficient to support a conviction for statutory sexual assault. See, State v. Navarrete, 221 Neb. 171, 376 N.W.2d 8 (1985) (although direct evidence was also presented); State v. Lauritsen, 199 Neb. 816, 261 N.W.2d 755 (1978). In both cases, the Nebraska Supreme Court recognized that a jury may consider the physical appearance of the defendant to determine if he is of a sufficient age to satisfy the statutory element, if there is other circumstantial evidence presented to support an inference that the defendant is of a sufficient age. See id.

(i) McCulloch's Physical Appearance
It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age. State v. Lauritsen, supra. It has been held, however, that the jury may not fix the age of the defendant by merely observing him or her during the trial; there must be some other evidence in conjunction with the appearance of the defendant. See id. There appears to be no requirement, however, that the evidence presented in addition to the defendant's appearance be sufficient in and of itself to prove the age of the defendant. At least three other courts have explicitly so held, and Nebraska case law appears in accord. See, Washington v. State, 645 So.2d 915 (Miss.1994); Barnett v. State, 488 So.2d 24 (Ala.Crim.App.1986); State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945). See, also, State v. Lauritsen, supra. Accord In re Interest of Roy R., 3 Neb.App. 816, 533 N.W.2d 107 (1995).
In this case, McCulloch was present in court, was identified by witnesses at trial, and testified in his own behalf. Therefore, his physical appearance was open to view by the jurors, whose attention was unquestionably drawn to McCulloch when he testified and at various times during the trial. See State v. Lauritsen, supra.

(ii) Additional Circumstantial Evidence
In addition to McCulloch's physical appearance, there was further circumstantial evidence which, although insufficient in *723 and of itself to prove his age, can be considered by the jury in combination with his physical appearance to reasonably infer that he was at least 19 years of age at the time of the sexual assault. Although this evidence is different in character from the additional circumstantial evidence presented in State v. Lauritsen, supra, we conclude that it similarly is sufficient.
In State v. Lauritsen, supra, the State presented evidence that the defendant had been seen purchasing and drinking beer in a tavern on the day of the alleged crime and that he had purchased alcohol on another occasion. The defendant testified that he had frequented the tavern for 3 or 4 weeks prior to the day of the alleged crime and often went there after work with a fellow employee. The Nebraska Supreme Court noted that at the time, the law required a person to be at least 19 years of age to purchase alcohol. Although the defendant's purchase of alcohol, in and of itself, would not have been sufficient to prove that the defendant was of a particular age, it was relevant to the issue, when combined with the defendant's physical appearance. Other relevant circumstantial evidence on the issue of the defendant's age was that witnesses referred to the defendant as a "`man'" when they identified him and testimony relating to the defendant's membership in the Ku Klux Klan along with evidence that a requirement of membership in the Ku Klux Klan was that a person had to be at least 18 years of age. Id. at 820, 261 N.W.2d at 757. The court found that all of this circumstantial evidence, when combined in the jury's consideration with the defendant's physical appearance, was sufficient to support the jury's conclusion that the defendant was at least 18 years of age.
In the present case, the State argues that additional circumstantial evidence was presented which, when combined in the jury's consideration with McCulloch's physical appearance, would support the jury's conclusion that McCulloch was over the age of 19 at the time of the offense. First, the State argues that P.M. described McCulloch as her "uncle." Brief for appellee at 8. Although the term "uncle" does not, in and of itself, prove McCulloch's age to be at least 19 years, it is circumstantial evidence from which the jury can draw logical inferences. See State v. Blackman, 254 Neb. 941, 580 N.W.2d 546 (1998) (circumstantial evidence is evidence which, without going directly to prove existence of fact, gives rise to logical inference that such fact exists). When asked if McCulloch was "one of [her] dad's brothers," P.M. answered in the affirmative, and she answered additional questions about her "uncle" (McCulloch). This testimony, identifying McCulloch as P.M.'s uncle, could logically connote an older man. See Houston v. State, 565 So.2d 1263, 1264 (Ala.Crim.App.1990) (only circumstantial evidence presented, in addition to defendant's physical appearance, was testimony that defendant was victim's "great uncle").
In addition to circumstantial evidence of McCulloch's age derived from direct evidence that P.M. identified McCulloch as her uncle, the record contains testimony indicating that McCulloch had a sexual relationship with P.M.'s mother sometime after 2000. This circumstantial evidence indicates that McCulloch was having a sexual relationship with P.M.'s mother at such a time as P.M. was 10 years old. The fact that McCulloch was engaged in a sexual relationship with a woman of sufficient age to have a 10-year-old daughter is further circumstantial evidence the jury could rely on in determining McCulloch's age.
When viewed in its totality, and in a light most favorable to the State, this circumstantial evidence, when combined in the jury's consideration with McCulloch's *724 physical appearance throughout the course of the trial, was sufficient evidence to allow the jury to reasonably infer that McCulloch was at least 19 years of age at the time of the offense. Indeed, the trial court found this evidence to be sufficient when it overruled McCulloch's motion for a directed verdict made at the conclusion of the State's case in chief, a ruling which was not appealed by trial counsel.

(iii) Conclusion on Prejudice
The rule in Nebraska is that when the State is required to prove the age of a defendant, as in a prosecution under § 28-319(1)(c), the jury may consider the defendant's physical appearance in determining whether the State has proven the defendant's age. The defendant's physical appearance must be combined with some other circumstantial evidence, and the combination of the physical appearance and other circumstantial evidence must be such that the jury can reasonably infer, beyond a reasonable doubt, that the defendant's age is above the age required by statute. In this case, the jury was able to observe McCulloch's physical appearance throughout the course of the trial and was presented with other circumstantial evidence, the combination of which supports a finding that the jury could reasonably infer beyond a reasonable doubt that the State proved McCulloch was at least 19 years of age at the time of the offense. As a result, even assuming trial counsel's performance was deficient, counsel's performance in eliciting additional testimony tending to establish McCulloch's age as being at least 19 years cannot be said to have prejudiced McCulloch. As such, we find no merit to this assignment of error.

IV. CONCLUSION
We find no merit to McCulloch's assignments of error. Viewing the evidence in the record as a whole and in a light most favorable to the State, there was sufficient evidence to support McCulloch's conviction for sexually assaulting P.M. Even assuming McCulloch's trial counsel performed deficiently by adducing evidence which tended to establish McCulloch's age at the time of the offense, because the State adduced sufficient evidence in its case in chief to support the jury's finding that McCulloch was at least 19 years of age at the time of the offense, trial counsel's performance did not prejudice McCulloch and McCulloch's ineffective assistance of counsel argument is without merit. We affirm.
AFFIRMED.