STATE OF NEBRASKA, APPELLEE, V.
ROBERT D. McCULLOCH, APPELLANT.
733 N.W.2d 586

Filed May 29, 2007.   No. A-06-275.

Matthew M. Munderloh, of Johnson & Mock, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

IRWIN, SIEVERS, and CARLSON, Judges.

IRWIN, Judge.

## I. INTRODUCTION

This matter is before the court on rehearing. We granted the motion for rehearing of the appellant, Robert D. McCulloch, regarding our opinion reported at *State v. McCulloch*, 15 Neb. App. 381, 727 N.W.2d 717 (2007). We withdraw the previous opinion and issue this opinion in its stead.

McCulloch appeals from the decision of the district court for Burt County which, after a jury trial, convicted him of one count of first degree sexual assault. McCulloch's primary claim is that his trial counsel was ineffective by introducing evidence of McCulloch's age when the State's evidence had failed to establish that he was 19 years of age or older, an essential element of the charge against McCulloch. The record shows that the State did not introduce direct evidence of McCulloch's age, and the only sufficient evidence of age was elicited by McCulloch's counsel, both during cross-examination of the State's witnesses and during the defense's case. We find that defense counsel was ineffective and that such ineffectiveness prejudiced McCulloch. Because we find that the State failed to adduce sufficient evidence to support a conviction, we reverse, and remand with directions to dismiss.

## II. BACKGROUND

The State alleged that McCulloch had sexually assaulted his niece, P.M., who was born on March 10, 1990. Following a jury trial, the jury found McCulloch guilty of one count of first degree sexual assault:

> McCulloch on or between November 14, 2003 and February 1, 2004 in the county of Burt . . . then and there being did subject P.M. to sexual penetration when [McCulloch was] nineteen years of age or older and [P.M. was] less than sixteen years of age.

The district court sentenced McCulloch to 8 to 15 years' imprisonment with 423 days' credit for time served. No direct appeal was filed.

McCulloch filed a verified motion for postconviction relief alleging that his trial counsel had provided ineffective assistance of counsel by failing to file a direct appeal on McCulloch's behalf. The district court granted McCulloch postconviction relief by way of granting McCulloch the right to file this appeal from his conviction and sentence.

Because the nature of McCulloch's assignments of error requires a discussion of the specific testimony adduced at trial, we will set forth details of that testimony below.

## III. ASSIGNMENTS OF ERROR

McCulloch assigns two errors. Because it is dispositive, we will discuss only McCulloch's assignment that he received ineffective assistance of counsel at trial when his counsel elicited testimony tending to prove he was "'nineteen years of age or older'" at the time of the offense.

## IV. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

McCulloch argues that his trial counsel provided ineffective assistance because counsel "elicited witness testimony tending to prove McCulloch was 'nineteen years of age or older' at the time of the offense." Upon our review of the record, we find that the State failed to produce direct evidence of McCulloch's age and that the only sufficient evidence of age was elicited by defense counsel. We find that this performance was deficient and that such deficient performance prejudiced McCulloch.

The Nebraska Supreme Court has adopted the two-part test for proving a claim of ineffective assistance of counsel, as set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993), *disapproved in part on other grounds, State v. Canbaz*, 270 Neb. 559, 705 N.W.2d 221 (2005). To establish that he or she was denied effective assistance of counsel, a defendant first must show that counsel was deficient, meaning that counsel did not perform at

least as well as a criminal lawyer with ordinary training and skill in the area. See *Strickland v. Washington, supra.* Second, the defendant must make a showing that he or she was prejudiced by the actions or inactions of his or her counsel by demonstrating with reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See *id.*

The primary issue to be resolved in this appeal is whether the State adduced sufficient evidence, apart from the testimony elicited by McCulloch's counsel, to prove that McCulloch was at least 19 years of age at the time of the offense. Inasmuch as the State did not adduce any direct evidence of McCulloch's age, that issue requires us to examine the status of Nebraska law concerning the requisite level of circumstantial evidence to prove a defendant's age in statutory sexual assault cases.

Our research indicates only two prior appellate decisions in this jurisdiction directly addressing the issue of what circumstantial evidence of a defendant's age is sufficient to support a conviction for statutory sexual assault. See, *State v. Navarrete,* 221 Neb. 171, 376 N.W.2d 8 (1985) (although direct evidence was also presented); *State v. Lauritsen,* 199 Neb. 816, 261 N.W.2d 755 (1978). In both cases, the Nebraska Supreme Court recognized that a jury may consider the physical appearance of the defendant to determine whether he is of a sufficient age to satisfy the statutory element, if there is other circumstantial evidence presented to support an inference that the defendant is of a sufficient age. See *id.*

It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age. *State v. Lauritsen, supra.* It has been held, however, that the jury may not fix the age of the defendant by merely observing him or her during the trial; there must be some other evidence in conjunction with the appearance of the defendant. See *id.*

In this case, McCulloch was present in court and was identified by witnesses at trial. For example, P.M. specifically identified McCulloch by "point[ing] him out" to the jury. Therefore, McCulloch's physical appearance was open to view by the jurors, whose attention was unquestionably drawn to him when he was identified during the course of the trial.

Aside from McCulloch's physical appearance, however, the State adduced insufficient additional evidence from which the jury could infer McCulloch's being at least 19 years of age. The State adduced no direct evidence of McCulloch's age. The only circumstantial evidence adduced by the State was evidence that McCulloch was P.M.'s uncle, which evidence is insufficient to allow the jury to infer McCulloch's age.

In *State v. Lauritsen, supra*, the State presented evidence that the defendant had been seen purchasing and drinking beer in a tavern on the day of the alleged crime and that he had purchased alcohol on another occasion. The defendant testified that he had frequented the tavern for 3 or 4 weeks prior to the day of the alleged crime and often went there after work with a fellow employee. The Nebraska Supreme Court noted that at the time, the law required a person to be at least 19 years of age to purchase alcohol. Although the defendant's purchase of alcohol, in and of itself, would not have been sufficient to prove that the defendant was of a particular age, it was relevant to the issue, when combined with the defendant's physical appearance. Other relevant circumstantial evidence on the issue of the defendant's age was that witnesses referred to the defendant as a "'man'" when they identified him and testimony relating to the defendant's membership in the Ku Klux Klan along with evidence that a requirement of membership in the Ku Klux Klan was that a person had to be at least 18 years of age. *Id.* at 820, 261 N.W.2d at 757. The court found that all of this circumstantial evidence, when combined in the jury's consideration with the defendant's physical appearance, was sufficient to support the jury's conclusion that the defendant was at least 18 years of age.

In the present case, the State argues that additional circumstantial evidence was presented which, when combined in the jury's consideration with McCulloch's physical appearance, would support the jury's conclusion that McCulloch was over the age of 19 at the time of the offense. The State argues that P.M. described McCulloch as her "uncle." Brief for appellee at 8. When asked if McCulloch was "one of [her] dad's brothers," P.M. answered in the affirmative, and she answered additional questions about her "uncle" (McCulloch).

In contrast to the evidence presented in *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978), testimony showing that P.M. identified McCulloch as her uncle is not circumstantial evidence from which the jury could draw logical inferences about McCulloch's age. See *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998) (circumstantial evidence is evidence which, without going directly to prove existence of fact, gives rise to logical inference that such fact exists). The evidence in *State v. Lauritsen, supra,* was circumstantial evidence of the defendant's age because the jury could logically infer from the defendant's having purchased alcohol, which the law required a person to be at least 19 years of age to do, and the defendant's having been in the Ku Klux Klan, which required a person to be at least 18 years of age to join, that the defendant was, in fact, at least 18 years of age. Testimony that McCulloch is P.M.'s uncle does not allow the jury to infer that McCulloch is of any age, because McCulloch could have been of any age and still been "one of [her] dad's brothers." Being P.M.'s uncle does not give rise to a logical inference that McCulloch was at least 19 years of age.

The State adduced no other evidence, direct or circumstantial, to establish McCulloch's age. The only other evidence from which the jury might have made any inference about McCulloch's age was testimony elicited by McCulloch's counsel: evidence that McCulloch had a sexual relationship with P.M.'s mother sometime after 2000, at such a time as P.M.'s mother was old enough to have a 10-year-old daughter; circumstantial evidence that P.M.'s mother was more than 19 years of age at the time of the offense; and direct testimony that McCulloch is 6 years older than his sister, P.M.'s aunt, who was old enough to have children who were 12 and 13 years old at the time of trial.

Our review of the record shows that the State proved with direct evidence McCulloch's having sexually penetrated P.M. and P.M.'s having been less than 16 years of age at the time of the incident, but the State did not adduce sufficient evidence of McCulloch's age to prove that McCulloch was 19 years of age or older at the time of the incident. Because the only evidence sufficient to prove the necessary element of statutory sexual

assault that McCulloch was 19 years of age or older at the time of the incident was elicited by McCulloch's counsel, it was only because of McCulloch's counsel that sufficient evidence was presented to support a conviction. As such, we conclude that McCulloch's counsel performed in a deficient manner and that such deficient performance prejudiced McCulloch.

## 2. RESOLUTION

Having concluded that there was prejudicial trial error, we must determine whether the Double Jeopardy Clause forbids a retrial of McCulloch. Because we have concluded that the evidence presented by the State was insufficient to support a conviction, we conclude that the Double Jeopardy Clause forbids a retrial.

■■■ Upon finding error in a criminal trial, the reviewing court must determine whether the evidence presented by the State was sufficient to sustain the conviction before the cause is remanded for a new trial. *State v. Anderson*, 258 Neb. 627, 605 N.W.2d 124 (2000). In *Lockhart v. Nelson*, 488 U.S. 33, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988), the Court held that the Double Jeopardy Clause does not forbid retrial so long as the sum of the evidence offered *by the State* and admitted by the trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict. See, also, *State v. Palmer*, 257 Neb. 702, 600 N.W.2d 756 (1999).

■■■ When a conviction is overturned due to a failure of proof at trial, the prosecution has been given one fair opportunity to offer whatever proof it could assemble. *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *State v. Palmer, supra*. Such an appellate reversal means that the government's case was so lacking that it should not have even been submitted to the jury. *Burks v. United States, supra*; *State v. Palmer, supra*. Because appellate courts necessarily afford absolute finality to a jury's verdict of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty. See, *Burks v. United States, supra*; *State v. Palmer, supra*.

Pursuant to *Lockhart v. Nelson, supra*, when considering the sufficiency of the evidence in determining whether to remand for a new trial or to dismiss, an appellate court must consider all the evidence presented by the State and admitted by the trial court irrespective of the correctness of that admission. *State v. Anderson, supra*. As discussed above, when considering all the evidence presented by the State, we conclude that the State failed to adduce sufficient evidence to support a conviction. Even though evidence elicited by McCulloch's counsel, when considered along with the State's evidence, would have been sufficient to support a conviction, we conclude that the State was given one fair opportunity to prove its case and failed to do so. Because the State failed to produce sufficient evidence to convict McCulloch, the Double Jeopardy Clause prohibits the State from retrying him. See *State v. Noll*, 3 Neb. App. 410, 527 N.W.2d 644 (1995), *overruled on other grounds, State v. Anderson, supra*.

## V. CONCLUSION

We conclude that McCulloch's counsel performed in a deficient manner when he elicited the only evidence adduced at trial which would support a jury's determination that McCulloch was 19 years of age or older at the time of the offense, a necessary element of the offense of statutory sexual assault. We find that the State failed to produce sufficient evidence to convict McCulloch at trial and that the Double Jeopardy Clause prohibits the State from retrying him. We therefore reverse, and remand to the district court with directions to dismiss this action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.