STATE OF NEBRASKA, APPELLEE, V.
ROBERT D. McCULLOCH, APPELLANT.
742 N.W.2d 727

Filed December 14, 2007.    No. S-06-275.

Matthew M. Munderloh, of Johnson & Mock, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Robert D. McCulloch appealed his conviction for first degree sexual assault to the Nebraska Court of Appeals. The Court of Appeals determined that McCulloch had received ineffective assistance of counsel at trial and reversed his conviction. The Court of Appeals concluded that "all the evidence presented by the State" at trial was insufficient to support a conviction

and remanded the cause to the district court for Burt County with directions to dismiss the charges against McCulloch. *State v. McCulloch*, 15 Neb. App. 616, 623, 733 N.W.2d 586, 592 (2007). We granted the State's petition for further review. We reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with instructions to affirm McCulloch's conviction and sentence.

## STATEMENT OF FACTS

The State charged McCulloch with first degree sexual assault, alleging that he subjected his 13-year-old niece, P.M., to sexual penetration at a time when he was 19 years of age or older. See Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). McCulloch's age at the time of the alleged crime is an element under § 28-319(1)(c). A jury found McCulloch guilty, and the court sentenced him to 8 to 15 years' imprisonment. No direct appeal was taken. McCulloch filed a postconviction action alleging that counsel was ineffective for failing to take a direct appeal, and the court granted relief in the form of the right to file the present direct appeal.

On appeal to the Court of Appeals, McCulloch asserted, inter alia, that he had received ineffective assistance of counsel because defense counsel elicited the only evidence at trial that proved that he was 19 years of age or older at the time of the incident. The Court of Appeals initially rejected this assignment of error. *State v. McCulloch*, 15 Neb. App. 381, 727 N.W.2d 717 (2007) (*McCulloch I*). In *McCulloch I*, the Court of Appeals concluded that regardless of whether counsel's performance was deficient, McCulloch was not prejudiced by such performance because the State had adduced sufficient circumstantial evidence to allow the trier of fact to infer that McCulloch was at least 19 at the time of the crime. The Court of Appeals noted that McCulloch was present in court, was identified by witnesses, and testified in his own behalf and that therefore, his physical appearance was open to view by the jury. The Court of Appeals stated that a defendant's physical appearance may be considered by the jury in determining his or her age. The Court of Appeals noted that there was other circumstantial evidence of McCulloch's age, which in itself was insufficient to

prove his age but which combined with the observation of his physical appearance allowed the jury to reasonably infer that he was at least 19. Such circumstantial evidence noted by the Court of Appeals in *McCulloch I* consisted of P.M.'s references to McCulloch as her father's brother or her uncle and evidence that McCulloch had a sexual relationship with P.M.'s mother 3 years prior to the incident with P.M.

After *McCulloch I* was released, McCulloch moved the Court of Appeals for rehearing. He argued, inter alia, that testimony regarding his sexual relationship with P.M.'s mother was elicited by his own counsel rather than by the State and that therefore, to the extent such evidence supported a finding that he was 19 or older, such fact did not support a finding of no prejudice but instead supported his claim that counsel was ineffective for putting on such evidence. The Court of Appeals granted a rehearing. On rehearing, the Court of Appeals withdrew its opinion in *McCulloch I* and concluded that trial counsel performed in a deficient manner by eliciting the only evidence of McCulloch's age. *State v. McCulloch*, 15 Neb. App. 616, 733 N.W.2d 586 (2007) (hereinafter *McCulloch II*).

In *McCulloch II*, the Court of Appeals referred to *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978), in which this court held that a jury may consider the defendant's physical appearance to determine his or her age if there is other circumstantial evidence to support an inference that the defendant is of sufficient age. The Court of Appeals again determined that McCulloch's physical appearance was open to view by the jury, because he was present in court and P.M. pointed him out during her testimony. However, the Court of Appeals concluded that the State had not adduced sufficient evidence in addition to physical appearance from which the jury could infer that McCulloch was at least 19 years old. The Court of Appeals noted that the only evidence adduced by the State arguably relevant to McCulloch's age was P.M.'s testimony that McCulloch was her uncle. The Court of Appeals contrasted this evidence to evidence in *Lauritsen* where the defendant had bought alcohol. The Court of Appeals noted that in *Lauritsen*, based on evidence that the defendant bought alcohol, a jury

could reasonably have inferred that the defendant was of legal age to buy alcohol and therefore was of sufficient age under the statute then at issue, Neb. Rev. Stat. § 28-408.03(1)(c) (Reissue 1975). In contrast, in the present case, the Court of Appeals determined that evidence that McCulloch was the 13-year-old victim's uncle did not give rise to a logical inference that he was necessarily at least 19 years old.

The Court of Appeals stated in *McCulloch II* that the State adduced no further circumstantial or other evidence of McCulloch's age and that the only other evidence from which the jury could have inferred that he was at least 19 was adduced by defense counsel. The Court of Appeals noted that during cross-examination of a witness in the State's case in chief, defense counsel elicited testimony that McCulloch had had a sexual relationship with P.M.'s mother 3 years prior to the incident with P.M. and that P.M.'s mother was older than 19 at the time of that relationship. Later in the trial during the case presented by McCulloch, defense counsel elicited testimony during the direct examination of McCulloch's sister that McCulloch was 6 years older than the witness and that the witness had children who were 12 and 13 years old at the time of trial. Because such evidence elicited by defense counsel was the only circumstantial evidence which, when combined with an observation of McCulloch's physical appearance, could have allowed the jury to determine that McCulloch was at least 19 years old, the Court of Appeals determined that defense counsel performed in a deficient manner. The Court of Appeals concluded that because such deficient performance prejudiced McCulloch, he had received ineffective assistance of counsel.

The Court of Appeals further concluded that "all the evidence presented by the State" was insufficient to support a conviction and that therefore, under *Lockhart v. Nelson*, 488 U.S. 33, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988), the Double Jeopardy Clause forbade retrial. *McCulloch II*, 15 Neb. App. at 623, 733 N.W.2d at 592. The Court of Appeals reversed McCulloch's conviction and remanded the cause with directions to dismiss.

We granted the State's petition for further review of *McCulloch II*.

## ASSIGNMENT OF ERROR

On further review, the State asserts that the Court of Appeals erred in concluding that McCulloch received ineffective assistance of counsel.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Tompkins*, 272 Neb. 547, 723 N.W.2d 344 (2006).

## ANALYSIS

*The Record Is Not Sufficient for the Court of Appeals to Determine That McCulloch Received Ineffective Assistance of Counsel.*

The State asserts on further review that the Court of Appeals erred in concluding that McCulloch received ineffective assistance of counsel. The State argues that the Court of Appeals' reasoning was based on a hindsight review of the trial and that the Court of Appeals' analysis presumes that in formulating trial strategy, defense counsel should have been required to assume that the State would fail to prove the age element of the crime. We conclude that the record on direct appeal was not sufficient to determine whether McCulloch received ineffective assistance of counsel and that therefore, the Court of Appeals erred in concluding that he did.

The Court of Appeals determined that McCulloch received ineffective assistance of counsel because defense counsel elicited the only evidence which, when combined with observation of his physical appearance, would have allowed the jury to determine that he was over 19 years old at the time of the incident with P.M. The Court of Appeals cited *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978). Under *Lauritsen*, the defendant's physical appearance alone is not sufficient to prove the defendant is of a certain age, but it may be considered as evidence of age when combined with other circumstantial evidence to support an inference that the defendant is of a sufficient age. The Court of Appeals noted that the circumstantial evidence in the present case included: (1) testimony presented

by the State that McCulloch was the 13-year-old victim's uncle; (2) testimony adduced by defense counsel on cross-examination during the State's case in chief that McCulloch had a sexual relationship with the victim's mother 3 years prior to the incident with the victim; and (3) testimony adduced by defense counsel during presentation of the defense's case that McCulloch was 6 years older than his sister and that the sister had children who were 12 and 13 years old at the time of trial. The Court of Appeals determined that the evidence presented by the State was not sufficient to support an inference that McCulloch was over 19 and that only the circumstantial evidence adduced by defense counsel was sufficient to support such an inference. The Court of Appeals therefore concluded, based on the record on direct appeal, that defense counsel's performance was deficient.

The Court of Appeals was correct to note that under *Lauritsen*, McCulloch's physical appearance alone was not sufficient to prove his age. We note that the evidence of age required under *Lauritsen* in addition to physical appearance need not be conclusive direct evidence of age, but, rather, may be circumstantial evidence from which a jury might reasonably infer that the defendant is of a sufficient age.

It is not necessary to our resolution of this case to decide whether the Court of Appeals was correct in its determinations that the State's evidence was not sufficient circumstantial evidence to support an inference of McCulloch's age and that the only sufficient circumstantial evidence to support an inference that McCulloch was over 19 was the testimony elicited by defense counsel. For purposes of analysis, we assume that the Court of Appeals was correct in its determination that the State's evidence was not sufficient to prove McCulloch's age and that such element was proved with the addition of circumstantial evidence adduced by defense counsel.

■ A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. *State v. Walker*, 272 Neb. 725, 724 N.W.2d 552 (2006). If a matter has not been raised or ruled on

at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. *Id.*

The alleged ineffectiveness of counsel in this case was not raised or ruled on at the trial level. We determine that in this case, an evaluation of defense counsel's actions would require an evaluation of trial strategy and of matters not contained in the record. Although the record on appeal shows that defense counsel elicited the arguably strongest circumstantial evidence regarding McCulloch's age during the defense's case, it does not indicate the reason defense counsel elicited such evidence and it does not appear that counsel presented such evidence in a deliberate attempt to establish McCulloch's age. Defense counsel may have had other, reasonable strategic reasons for presenting such evidence.

In this regard, the State argues that defense counsel had a reasonable strategy which included presenting evidence regarding McCulloch's sexual relationship with P.M.'s mother, which relationship might have given P.M. a motive to lie about the sexual assault. The State also notes that McCulloch moved for a directed verdict at the close of the State's case. The State argues that after the motion for directed verdict was denied, defense counsel had the option to decline to present a defense and rely on the State's purported failure to prove McCulloch's age. Instead, defense counsel made a reasonable strategic choice to present a full defense which included the testimony of McCulloch's sister. McCulloch argues in response that the State mischaracterizes trial counsel's defense strategy and that even if counsel had a reasonable defense strategy, as the State claimed, there was no reason for counsel to elicit evidence regarding the relative ages of McCulloch and his sister.

We do not, and cannot, determine on direct appeal whether defense counsel elicited the evidence at issue pursuant to a reasonable defense strategy because there has been no evidentiary hearing to present evidence regarding defense counsel's strategy or lack thereof. While in hindsight it appears that defense counsel may have helped the State prove an element that the State may have failed to adequately prove, without an evidentiary hearing to explore defense counsel's strategy, we cannot determine based solely on the record on direct appeal

that defense counsel's performance was deficient. Such a determination would require consideration of whether defense counsel's actions were reasonable in the context of the trial.

We conclude that the record on appeal is not sufficient to review McCulloch's claim of ineffective assistance of counsel and that therefore, the Court of Appeals erred in concluding in this direct appeal that McCulloch received ineffective assistance of counsel. We therefore reverse the decision of the Court of Appeals in *McCulloch II* and remand the cause to the Court of Appeals with directions to affirm McCulloch's conviction.

### *The Court of Appeals Misapplied the* Lockhart *Standard.*

Because we conclude that McCulloch's conviction should be affirmed, we need not consider whether a retrial would violate the Double Jeopardy Clause. However, we take this opportunity to comment on the Court of Appeals' resolution of the Double Jeopardy issue.

After the Court of Appeals determined in *McCulloch II* that McCulloch's conviction should be reversed because of ineffective assistance of counsel, the Court of Appeals considered whether the cause should be remanded for a new trial or whether the Double Jeopardy Clause barred retrial. In considering the Double Jeopardy issue, the Court of Appeals cited *Lockhart v. Nelson*, 488 U.S. 33, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988), for the proposition that "the Double Jeopardy Clause does not forbid retrial so long as the sum of the evidence offered *by the state* and admitted by the trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict." *McCulloch II*, 15 Neb. App. at 622, 733 N.W.2d at 591 (emphasis in original). The Court of Appeals read *Lockhart* to provide that only evidence offered by the State should be considered in determining whether there was sufficient evidence to sustain a guilty verdict. The Court of Appeals determined that although there was sufficient evidence to sustain the conviction in the present case if all the evidence, including evidence presented by the defense, was considered, there was not sufficient evidence if only the evidence presented by the State was considered. Based on its reading of *Lockhart*, the Court of Appeals concluded that the Double Jeopardy Clause prohibited the State

from retrying McCulloch. As discussed below, because a proper *Lockhart* analysis considers all the evidence admitted at trial, not just that offered by the State, the reasoning of the Court of Appeals, although understandable, was flawed.

We acknowledge that in a line of cases beginning with *State v. Anderson*, 258 Neb. 627, 605 N.W.2d 124 (2000), this court has sometimes stated, referring to *Lockhart*, that the Double Jeopardy Clause does not forbid a retrial so long as the sum of the evidence offered by the State and admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict. We also note that in the introductory paragraph of *Lockhart*, the U.S. Supreme Court stated, "where the evidence offered by the State and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." 488 U.S. at 34. However, a reading of the entire *Lockhart* opinion indicates that the Court did not intend to limit Double Jeopardy analysis to a consideration of only the evidence offered by the State. In *Lockhart*, the Court stated that "a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause." 488 U.S. at 41. The Court analogized the Double Jeopardy analysis to consideration of a motion for judgment of acquittal at the close of all the evidence and noted that a "trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence that is considered by the reviewing court." 488 U.S. at 41-42.

Although the specific issue in *Lockhart* was whether erroneously admitted evidence should be considered and not whether evidence presented by the defense should be considered, a correct reading of *Lockhart* indicates that all evidence admitted by the trial court, including evidence offered by the defense, should be considered in determining whether there was sufficient evidence to permit retrial. This reading is consistent with the reading of *Lockhart* this court made in *State v. Palmer*, 257 Neb. 702, 600 N.W.2d 756 (1999), wherein we stated that in our evaluation of the sufficiency of the evidence, we consider all of

the evidence admitted at the trial to determine whether there was sufficient evidence to sustain the conviction.

■ We have referred to "evidence offered by the State and admitted by the court" in *Anderson, supra,* and in other cases including *State v. Morrow,* 273 Neb. 592, 731 N.W.2d 558 (2007), *State v. Floyd,* 272 Neb. 898, 725 N.W.2d 817 (2007), *State v. Barfield,* 272 Neb. 502, 723 N.W.2d 303 (2006), *State v. Beeder,* 270 Neb. 799, 707 N.W.2d 790 (2006), *State v. Allen,* 269 Neb. 69, 690 N.W.2d 582 (2005), *State v. Faust,* 265 Neb. 845, 660 N.W.2d 844 (2003), *State v. Haltom,* 263 Neb. 767, 642 N.W.2d 807 (2002), and *State v. Sheets,* 260 Neb. 325, 618 N.W.2d 117 (2000). To the extent such cases may be read as limiting Double Jeopardy consideration to only evidence offered by the State, they are disapproved. Instead, the proper standard is as follows: The Double Jeopardy Clause does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict.

## CONCLUSION

On further review of *McCulloch II*, we conclude that the record in this direct appeal was not sufficient to determine whether McCulloch received ineffective assistance of counsel and that therefore, the Court of Appeals erred in determining that he had received ineffective assistance of counsel at trial. We reverse the decision of the Court of Appeals in *McCulloch II* and remand the cause to the Court of Appeals with directions to affirm McCulloch's conviction and sentence.

REVERSED AND REMANDED WITH DIRECTIONS.