Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/29/2022 09:07 AM CDT

State of Nebraska, appellee, v.
Alisia C. Cooke, appellant.
___ N.W.2d ___

Filed May 6, 2022.    No. S-21-320.

1. **Trial: Prosecuting Attorneys: Appeal and Error.** When a defendant
   has not preserved a claim of prosecutorial misconduct for direct appeal,
   an appellate court will review the record only for plain error.
2. **Appeal and Error.** An appellate court may find plain error on appeal
   when an error unasserted or uncomplained of at trial, but plainly evident
   from the record, prejudicially affects a litigant's substantial right and,
   if uncorrected, would result in damage to the integrity, reputation, and
   fairness of the judicial process.
3. **Sentences: Appeal and Error.** Absent an abuse of discretion by the trial
   court, an appellate court will not disturb a sentence imposed within the
   statutory limits.
4. **Judges: Words and Phrases.** A judicial abuse of discretion exists
   only when the reasons or rulings of a trial judge are clearly untenable,
   unfairly depriving a litigant of a substantial right and denying just
   results in matters submitted for disposition.
5. **Appeal and Error.** An appellate court may find plain error on appeal
   when an error unasserted or uncomplained of at trial, but plainly evident
   from the record, prejudicially affects a litigant's substantial right and,
   if uncorrected, would result in damage to the integrity, reputation, and
   fairness of the judicial process.
6. **____.** An appellate court will find plain error only when a miscarriage of
   justice would otherwise occur.
7. **Trial: Prosecuting Attorneys.** Prosecutors are charged with the duty to
   conduct criminal trials in a manner that provides the accused with a fair
   and impartial trial.
8. **Prosecuting Attorneys: Words and Phrases.** Because prosecutors are
   held to a high standard for a wide range of duties, the term "prosecuto-
   rial misconduct" cannot be neatly defined.

9. **Trial: Prosecuting Attorneys: Words and Phrases.** Prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various contexts because the conduct will or may undermine a defendant's right to a fair trial.

10. **Trial: Prosecuting Attorneys.** In assessing allegations of prosecutorial misconduct based on prosecutorial remarks, a court first determines whether the prosecutor's remarks were improper. Next, a reviewing court must determine the extent to which the improper remarks had a prejudicial effect on the defendant's right to a fair trial.

11. **Sentences.** The first step in analyzing whether a sentence is excessive is to examine the statutory limits on the penalties for such an offense.

12. ____. If a sentence is within statutory limits, the second step is to determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.

13. ____. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

14. **Courts: Plea Bargains.** In Nebraska, a court is not bound by the plea agreement made between a defendant and the government.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

April L. O'Loughlin, Deputy Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

Miller-Lerman, J.
## NATURE OF CASE
The appellant, Alisia C. Cooke, pled guilty to second degree murder in the district court for Sarpy County. Although she had reached a plea agreement under which the State would "make a recommendation of a sentence of 20 years," she was ultimately sentenced to a period of incarceration of no less than 60 years and no more than life. This is Cooke's direct appeal. Cooke argues that the State engaged in prosecutorial misconduct by failing to make a sentencing recommendation consistent with the plea agreement. She further claims that the sentence imposed is excessive. We affirm.

## STATEMENT OF FACTS
On March 15, 2019, Cooke entered a plea of guilty to one count of second degree murder, a Class IB felony, arising from the killing of Brent Quigley. Quigley was stabbed during a home robbery in 2018, and Cooke was among several defendants charged in the district court for Sarpy County in connection with Quigley's death. Cooke agreed to cooperate fully with the State and provided deposition and trial testimony against two codefendants, who were ultimately convicted of second degree murder and first degree murder. In return for her truthful testimony and plea, in a written plea agreement, the State agreed to advise the court of the nature and extent of Cooke's cooperation and to make a recommendation of "a sentence of 20 years in imprisonment."

A presentence investigation report was prepared for the court. The district court held a sentencing hearing on March 25, 2021, with the parties appearing via videoconferencing.

Counsel for Cooke addressed the court and requested that the trial court should "follow the plea agreement in this matter and the State's sentencing recommendation of 20 years with a maximum sentence of ten years," minus credit for time served.

The prosecutor disagreed with Cooke's characterization of the plea agreement. Because the prosecutor's representations to the court are material to Cooke's claims on appeal, several of the prosecutor's remarks regarding sentencing are set forth below:

The State does appreciate that she assisted in the prosecution of the codefendants, . . . but that doesn't excuse her behavior by any means.

Judge, I'd also note — I do have a copy of the plea agreement, which I believe is Exhibit 2, and I'm sure the Court has reviewed that previously, because I don't agree with [Cooke's counsel's] characterization of the plea agreement, Judge. She said that it's 20 years max and I don't agree that that's the language. I realize that maybe the language could have been clearer between the parties, but that is what the agreement is. And I can read it for the Court. It says [Cooke] shall also enter a plea of guilty to an amended charge of second-degree murder, Class 1B felony, punishable by a minimum of 20 years imprisonment and a maximum of imprisonment for life. In return for her truthful testimony, the State agrees at time of sentencing to advise Judge Martinez of the nature and extent of [Cooke's] cooperation and to make a recommendation of a sentence of 20 years imprisonment; however, Judge Martinez does not have to abide by the 20-year recommendation.

Judge, the State's going to stand by that recommendation because that's what the language is; however, I don't believe that's the same as saying that that's what — that that's what maximum is. The State is going to stand by that 20-year recommendation as outlined in the plea agreement.

Counsel for Cooke responded that it

sounds back ended like maybe the State isn't standing by that sentencing recommendation. But anticipating that that language in the plea agreement might potentially

become an issue, on February 27, 2019, I sent an email to [the prosecutor] prior to discussing this plea agreement with my client and prior to her entering that into the Court.

Cooke offered as evidence a February 27, 2019, email from the State's prosecutor to her counsel, which email states that "[t]he sentence would be 20 years imprisonment which is in cut [sic] in half so it would be 10 years imprisonment. Thanks for clarifying." At the sentencing hearing, the prosecutor stated that the February 27 email "is not part of the plea agreement."

Counsel for Cooke made no objections to the remarks made by the prosecutor at the sentencing hearing.

The district court rejected the 20-year recommendation of the plea agreement. It stated that "the sentence that the State has recommended in the plea agreement would depreciate the seriousness of this crime and would promote disrespect for the law. For those reasons, the Court is not going to go along with that recommendation." The district court sentenced Cooke to a period of incarceration of no less than 60 years and no more than life. Cooke received credit for 1,017 days already served.

Cooke is represented in this appeal by her trial counsel.

ASSIGNMENTS OF ERROR

Cooke assigns, summarized and restated, that the State engaged in prosecutorial misconduct by breaching the plea agreement. She further claims that the district court erred when it imposed an excessive sentence.

STANDARDS OF REVIEW

[1,2] When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, we will review the record only for plain error. *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022). An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially

affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

[3,4] Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Grant*, 310 Neb. 700, 968 N.W.2d 837 (2022). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

In this direct appeal, Cooke claims that the State committed prosecutorial misconduct by breaching the parties' plea agreement with respect to the recommended sentence. In the alternative, she claims that the district court imposed an excessive sentence and abused its discretion.

*Prosecutorial Misconduct.*

Cooke assigns that the prosecutor engaged in misconduct with respect to the sentencing recommendations embodied in the parties' plea agreement. Cooke has maintained throughout the trial court proceedings and in this appeal that the plea agreement between the parties obligated the State to recommend a sentence of 20 years' imprisonment with a maximum sentence of 10 years' imprisonment.

As an initial matter concerning our review, we note that Cooke did not object to the prosecutor's remarks at the sentencing hearing. She did not seek to withdraw the plea or seek specific performance of the plea agreement by way of sentencing before a different judge. See *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, we will review the record only for plain error. *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014). Thus, we review Cooke's assertion of prosecutorial misconduct based on the prosecutor's remarks at sentencing for plain error.

[5,6] An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*. Generally, we will find plain error only when a miscarriage of justice would otherwise occur. *Id*. "'[T]he plain-error exception to the contemporaneous-objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."'" *State v. Barfield*, 272 Neb. 502, 511, 723 N.W.2d 303, 312 (2006) (quoting *United States v. Young*, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985)), *disapproved on other grounds, State v. McCulloch*, 274 Neb. 636, 742 N.W.2d 727 (2007).

[7-9] Prosecutors are charged with the duty to conduct criminal trials in a manner that provides the accused with a fair and impartial trial. *State v. Dubray, supra*. Because prosecutors are held to a high standard for a wide range of duties, the term "prosecutorial misconduct" cannot be neatly defined. *Id*. Generally, prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various contexts because the conduct will or may undermine a defendant's right to a fair trial. *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022).

[10] In assessing allegations of prosecutorial misconduct based on prosecutorial remarks, a court first determines whether the prosecutor's remarks were improper. See *id*. Next, a reviewing court must determine the extent to which the improper remarks had a prejudicial effect on the defendant's right to a fair trial. See *id*.

Turning to the case before us, Cooke maintains that the statements by the prosecutor concerning the sentence "effectively undermine[d] the promised recommendation" and violated the plea agreement. See *State v. Landera*, 285 Neb. 243, 257, 826 N.W.2d 570, 578 (2013). Specifically, Cooke points to the following statement by the prosecutor: "I don't

agree with [Cooke's counsel's] characterization of the plea agreement, Judge. She said that it's 20 years max and I don't agree that that's the language." Cooke further takes issue with the prosecutor's argument made to the district court to the effect that the emails between counsel concerning the sentencing recommendation were not part of the agreement.

Upon our close review of the record, we find that the prosecutor did not violate the plea agreement, and thus, his remarks regarding the plea agreement were not improper. At the sentencing hearing, Cooke's counsel asked the court to follow the "sentencing recommendation of 20 years with a maximum sentence of ten years." Replying to this assertion, the prosecutor observed that the plea agreement did not promise a 10-year maximum sentence, even though he acknowledged that application of good time provisions could reduce the sentence actually served. In that regard, we note that Neb. Rev. Stat. § 28-105(1) (Reissue 2016) sets a minimum sentence of 20 years' imprisonment for the Class IB felony of which Cooke stood convicted. Further, at the initial sentencing, the State and the sentencing court are not authorized to determine or apply good time to the sentence of a prisoner, even if they are familiar with how it might be applied. See Neb. Rev. Stat. § 83-1,110(1) (Reissue 2014).

The record and the terms and conditions actually agreed to by the parties show that the State adhered to its written promise to recommend "a sentence of 20 years." Cooke contends that the emails between the parties expanded the terms of the agreement such that the recommendation would be "20 years with a maximum sentence of ten years" or sometimes phrased as "20 years with a release date of 10 years." Neither formulation is supported by the record or applicable law.

At the sentencing hearing the prosecutor stated: "The State is going to stand by that 20-year recommendation as outlined in the plea agreement." The prosecutor continued that he had not characterized the 20 years as a maximum. The prosecutor's purported agreement to expand the plea agreement to

promise either a 10-year maximum sentence of imprisonment or a 10-year release date were not within the State's power, and the prosecutor's remarks which recognized these limitations were not improper. A sentencing recommendation need not be enthusiastic to fulfill a promise made in a plea agreement. *State v. Landera, supra*. See *United States v. Benchimol*, 471 U.S. 453, 105 S. Ct. 2103, 85 L. Ed. 2d 462 (1985).

Because we determine that the prosecutor's remarks regarding sentencing did not breach the plea agreement and were not improper, we need not reach the second part of the prosecutorial misconduct analysis regarding whether a substantial right was affected. We find no plain error with respect to this assignment of error.

*Excessive Sentence.*

Cooke claims that the district court imposed an excessive sentence. Specifically, she contends that the district court failed to give proper weight to her age, health and social history, and criminal record. Cooke has suffered from cystic fibrosis and a brain tumor, which in the past, resulted in her loss of speech, mobility, and sight for a period of time. She was the victim of sexual assault, and she had a turbulent family history of drug addiction, prostitution, and poverty. Cooke also notes that at the time of sentencing, she had participated in rehabilitation programs and achieved 2½ years of sobriety.

[11,12] The first step in analyzing whether a sentence is excessive is to examine the statutory limits on the penalties for such an offense. *State v. Grant*, 310 Neb. 700, 968 N.W.2d 837 (2022). Cooke was convicted of second degree murder, a Class IB felony. See Neb. Rev. Stat. § 28-304(2) (Reissue 2016). Section 28-105(1) sets a minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment for a Class IB felony. Cooke's sentence of a period of incarceration of no more than 60 years and no more than life does not exceed the statutory limits. If a sentence is within statutory limits, the second step is to determine

whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A judicial abuse of discretion exists when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. See *id*.

[13] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

In sentencing Cooke, the district court considered her age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and motivation for the offense, as well as the nature of the offense and the amount of violence involved in the commission of the crime. It noted her eventual cooperation in the case. Although the court acknowledged Cooke's personal and medical history as mitigating circumstances, it addressed Cooke regarding her role in the murder:

> Quigley would most likely be alive and enjoying his life today with his family and friends had it not been for you . . . because ultimately, you were the one that set this in motion. You were the one that chose the target, . . . Quigley; you set up the meeting; you allowed [the codefendants] into the home and then finally you prevented his escape . . . .

The record includes the presentence investigation report. The record shows that the court reviewed the entire report, which contains the information necessary to weigh the sentencing factors. Cooke was in the medium-risk range for criminal history, as well as for alcohol and drug use. She was in the high-risk range on some of the other sections. She scored in the high-risk range to reoffend overall.

[14] In Nebraska, a court is not bound by the plea agreement made between a defendant and the government. *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013). The record provides a sound basis for the sentence imposed. We find no abuse of discretion, and we therefore determine that the sentence was not excessive.

## CONCLUSION

For the reasons explained above, we affirm Cooke's plea-based conviction for second degree murder and her sentence.

Affirmed.